- O. C. SHARMAN, sheriff, plaintiff in error, *vs.* JESSE B. HOWELL, defendant in error.

Where property is levied on by a sheriff, under an execution from a State Court, and the defendant is adjudged a bankrupt, and no proceedings are taken in the Bankruptcy Court to compel the property levied on to be brought into that tribunal for distribution, the adjudication of bankruptcy, and the issuing of the ordinary writ of protection is no excuse to the sheriff for not proceeding to sell the property and raise the money.

Bankruptcy. Rule against Sheriff. Before Judge GREEN. Upson Superior Court. May Term, 1869.

Howell held a *fi. fa.* against Beall *et al.*, founded upon a judgment obtained on the 8th of November, 1867, and ordered the sheriff to collect it. On the 25th of November, 1868, the sheriff levied it upon fifteen hundred pounds of cotton seed, a horse and fifty bushels of corn, as the property of said defendant, and advertised it for sale. Before the sale, said defendant produced and exhibited to him a paper in these words:

" Form No. 58. Certificate of protection. In the District Court of the United States for the Southern District of Georgia. In the matter of Peter C. Beall, Bankrupt. In Bankruptcy. Southern District of Georgia. S. S.

This is to certify that Peter C. Beall, of Thomaston, on the 4th day of December, A. D. 1868, filed his petition in bankruptcy in said Court, upon which he was adjudged a bankrupt, and this certificate is available to the said Peter C. Beall for all purposes as a protection in bankruptcy. Given at Macon, the 2d day of December, A. D. 1868.

ALEXANDER G. MURRAY,
Register in Bankruptcy."

Upon the sight of this the sheriff refused to sell the propty, and delivered it to Beall's attorneys upon their promise to re-deliver it, should he be held liable for it. When he was ruled by Howell he averred the foregoing, and his *bona fides* in the matter, as his reasons for not being required to pay Howell the money due on his *fi. fa.* The Judge ordered him to pay the money at once, or be in contempt. This is assigned as error.

DOYAL & NUNNALLY, HART & ALEXANDER, for plaintiff in error.

SMITH & ALEXANDER, JOHN J. HALL, for defendant in error.

McCAY, J.

There is nothing in the Bankrupt Law giving such an effect to the simple adjudication of bankruptcy, upon final process, in the State Courts, as is contended for by the plaintiff in error. Causes pending are stayed, and property seized under attachment on *mesne process,* cannot be sold. But if there be a *final* judgment, and the sheriff have seized the property, the simple adjudication in bankruptcy does not interfere with the proceedings. The title passes, it is true, to the assignee, but he takes it subject to the lien of the judgment. We do not say that if the Bankrupt Court found it necessary, in order properly to adjust the equities and rights of the creditors, to cause the property levied on by a sheriff to be sold under its direction, and the proceeds to be brought before it for distribution, it might not, by proper proceedings cause it to be done. But there is no pretence that the sheriff was prevented from selling this property by any such proceeding. He took it upon himself to determine that which the Bankrupt Court did not think it necessary to do, and he must take the consequences.

Judgment affirmed.