O'Harra *et al. v.* Stone.

O'HARRA ET AL. *v.* STONE.

DESCENT.—*Husband and Wife.—Will of Wife.—Judgment.*—Although a husband advise, counsel, and consent to the making of a will by his wife, whereby she devises her separate real estate to her children, to his exclusion, and upon the death of his wife become executor of such will, yet, by virtue of the statute (sec. 22, 1 G. & H. 295) at her death one-third of said real estate descends to and vests in him in fee (subject to the debts of the wife contracted before marriage), and at the same time a judgment against him becomes a lien thereon.

PRACTICE.—*Pleading.—Argumentative.*—It is not error to sustain a demurrer to an argumentative pleading, though the better practice is to strike it out on motion.

BANKRUPTCY.—*Commencement of Proceedings.—Execution.*—The filing by a judgment debtor, in the United States District Court, of a petition to be adjudged a bankrupt, is the commencement of proceedings in bankruptcy; and, if such filing is before a levy of execution, the sale upon such levy would be invalid, and no title would pass to the purchaser; if such filing is after a levy, the sale upon the levy would be valid.

O'Harra *et al. v.* Stone.

From the Madison Common Pleas.

*C. D. Thompson* and *J. T. Smith,* for appellants.

*O. P. Stone, W. R. Pierse, H. D. Thompson, J. W. Sansberry,* and *E. B. Goodykoonts,* for appellee.

BUSKIRK, C. J.—This was a proceeding by the appellee against the appellants, to obtain the partition of certain real estate, which is described in the complaint. There was issue, trial by the court, and finding for the appellee.

The errors assigned are the following:

1. That the court erred in overruling a demurrer to the complaint.

2. In sustaining a motion to strike out parts of the answer.

3. In sustaining demurrers to the second, third, and fourth paragraphs of the answer.

The complaint averred that Rachael O'Harra, the wife of John B. O'Harra and mother of the appellants, was the owner in her own right of the land in dispute; that on the 16th day of January, 1868, the said Rachael departed this life intestate, leaving surviving her said husband and the appellants, who were her only heirs at law; that upon her death one-third of said real estate descended to and vested in her former husband, and the remaining two-thirds descended to and vested in her two sons, the appellants; that prior to the death of the said Rachael, and while she was the owner of such real estate, her said husband, with her knowledge and consent, made improvements thereon at a cost of about sixteen hundred dollars; that since the death of the said Rachael, the appellee had become the owner by purchase, at sheriff's sale, of all the interest which descended to the said John B. O'Harra. The prayer was for partition by setting off to the appellee one-third in value of said real estate.

The appellants answered in four paragraphs:

1. The general denial.

The substance of the second paragraph is, that the said Rachael, being seized in her own right of the land in dispute, executed her will and thereby devised all of said real estate to her two sons, the appellants; that her husband advised, coun-

selled, and consented to the making of said will; that the said will was duly admitted to probate, and her said husband accepted the appointment of executor, and acted as such; that the said John B. O'Harra had never claimed any interest therein, and thereby had waived all right and title to one-third of said real estate.

The third paragraph was an argumentative denial of the averments of the complaint.

The fourth paragraph alleges, that after the accruing of the debt and rendition of the judgment, upon and by reason of which said property in the complaint mentioned was sold at sheriff's sale, and before said sale, to wit, on the —— day of ——, 186–, the said John B. O'Harra filed his petition in the United States District Court, in and for the district of Indiana, praying that he be adjudged a bankrupt under the laws of the United States, and that he be discharged from all his debts, judgments, and liabilities, including said debt and judgment, upon and by reason of which said sheriff's sale was made as aforesaid; and that afterward, on the 9th day of March, 1869, the said John B. O'Harra was by said District Court duly and legally adjudged a bankrupt and discharged as such, a copy of which discharge was filed with and made a part of such paragraph.

The objection urged to the complaint is, that it does not sufficiently define the interest of the plaintiff in the premises in dispute. It alleges that Rachael O'Harra died seized in her own right of certain described lands, leaving her husband and two sons her heirs at law; that one-third in value of such real estate descended to and vested in her husband; and that subsequent to her death, the plaintiff became the owner, in fee, by purchase at sheriff's sale, of all the estate and interest in said lands which descended to the said John B. O'Harra. It plainly and manifestly appears from the facts stated, that the plaintiff claimed to be the owner in fee of one-third in value of said premises, and that he did own one-third or nothing. We are unable to see how the averments could have been more specific, without going into unnecessary particularity.

The court committed no error in overruling the demurrer to the complaint.

The second paragraph of the answer proceeds wholly upon the theory that Rachael O'Harra, by devising the land in dispute to her two sons, deprived her husband of any estate or interest in such lands. We think such theory is unsound. Under our statute of descents, it can make no difference whether she died testate or intestate. Sec. 22, 1 G. & H. 295, is as follows:

"Sec. 22. If a wife die, testate or intestate, leaving a widower, one-third of her real estate shall descend to him; subject, however, to its proportion of the debts of the wife contracted before marriage."

By the common law and the law of Indiana prior to 1853, the husband acquired all the personal property of the wife, by marriage. Her personal estate and the use of her real estate came, upon marriage, into the possession and under the control of her husband. But since 1853, her real estate, the income from it, and her personal estate existing at the marriage, and that acquired by descent, devise, or gift afterward, remain hers, and she is not obliged to appropriate any of it to the support of the family. But if she dies before her husband, then, according to the express language of the above quoted section, one-third of her real estate goes to him, without regard to any will which she may have made, subject to its proportion of the debts of the wife contracted before marriage. *Noble's Ex'x* v. *Noble*, 19 Ind. 431; *Kinnaman* v. *Pyle*, 44 Ind. 275. But in *Mathers* v. *Scott*, 37 Ind. 303, it was held that sec. 22 must be held to apply to such real estate as follows the ordinary rules of descent, and that it could not apply to the real estate of the wife held in virtue of a previous marriage.

So, upon the death of Rachael O'Harra, one-third of her real estate descended to and vested in her husband in fee simple, and at the same moment of time that the descent was cast, the judgment against John B. O'Harra became a lien thereon, and he could not by any act of his divest such lien. The title vested in him by operation of law, and his acquiescence in the

will did not affect the rights of his judgment creditor.   *Murphy*
v. *Henry*, 35 Ind. 442; *Ridge* v. *Prather*, 1 Blackf. 401;
*Michaels* v. *Boyd*, 1 Ind. 259.

The third paragraph being only an argumentative denial,
there was no error in sustaining the demurrer thereto, though
the better practice would have been to have struck it out.

The action of the court in sustaining the demurrer to the
fourth paragraph of the answer presents for our decision the
question, whether the filing of a petition by John B. O'Harra,
in the bankrupt court, to be adjudged a bankrupt, deprived
the sheriff of the power of making a valid sale of his real
estate.

The filing of the petition for an adjudication in bankruptcy,
either by the debtor in his own behalf or by any creditor
against a debtor, shall be deemed to be the commencement of
proceedings in bankruptcy.   Bump Bankruptcy, 340.

Where a levy has been made before the commencement of
proceedings in bankruptcy, the officer, as trustee, has the right
to go on and sell the property, unless a sale would be injurious
to the general creditors, or to some one having a prior lien, in
which case the bankrupt court may interfere and direct a sale
in such manner as will be for the benefit of all.   Bump Bank-
ruptcy, 191; *Sharman* v. *Howell*, 40 Ga. 257; *Thompson* v.
*Moses*, 43 Ga. 383; *Fehley* v. *Barr*, 66 Penn. St. 196; *Mar-
shall* v. *Knox*, 16 Wal. 551.

This doctrine, however, does not apply to a mere judgment
lien, where there has been no levy.   *Jones* v. *Leach*, 1 B. R.
595; *Pennington* v. *Sale*, 1 B. R. 572; *Davis* v. *Anderson*,
6 B. R. 145.

" If the property has already been sold, the officer has the
right to apply the proceeds to satisfy the process and his
charges and fees, and will only be required to account for such
balance as may remain after this has been done, for no advan-
tage can result from requiring the money to be paid into the
courts of bankruptcy with a view to its application by those
courts in satisfaction of the lien; nor can those courts set aside
such a sale, and order the property to be resold, however apparent

it may be that the price which was offered and accepted is much below the real value. The purchaser acquires a good title, which can only be vacated upon exceptions to the confirmation of the sale, filed in the court under whose process the property has been sold." Bump Bankruptcy, 190, and cases cited in the notes.

The answer under examination does not state when the petition for adjudication in bankruptcy was filed; nor does it allege that it was filed before the property in question was levied on. If the proceedings in bankruptcy were commenced before the levy was made, the sale was invalid, and no title passed to the appellee; if after the levy, then the sale was valid and passed to the appellee the title to one-third of the real estate of which the decedent died seized. The purpose of the pleader was to take the case out of the operation of the laws of this State, and bring it within the bankrupt law, and it was his duty to allege such facts as would enable the court below to determine whether the sale was governed by the state or bankrupt law; and having failed to do so, the answer is fatally defective. The sale was unquestionably regular and valid under the laws of this State, and the facts averred fail to show that it was invalid under the bankrupt law. The court below was bound to indulge the presumption that the sale was valid, unless the facts averred showed the contrary.

The ruling of the court below was correct.

The judgment is affirmed, with costs.