No. 11,664.

LORD ET AL. *v.* BISHOP ET AL.

BILL OF EXCEPTIONS.—*Short-Hand Reporter.*—Where a bill of exceptions purports to contain the evidence, and it appears in the form of a short-hand report written out, with the clerk's certificate that the manuscript was filed in his office, "furnished by I. K., short-hand reporter of said court," there is a substantial compliance with the statute upon the subject.

HUSBAND AND WIFE.—*Trust and Trustee.*—*Creditor's Bill.*—Where a husband receives money from his wife's mother to be invested in lands for the wife, and without her knowledge or consent takes title in his own name and holds it thirty-three years, and then, when in debt, puts the title in the wife, having, during that time, paid the taxes and by his labor cleared and improved the land, equity will not subject it to the payment of his debts.

From the Madison Circuit Court.

*W. A. Cullen, B. L. Smith* and *D. Moss,* for appellants.

*J. O'Brjen,* for appellees.

MITCHELL, J.—The controversy between the parties to this record was considered by this court in the case of *Bishop* v. *State, ex rel.,* 83 Ind. 67, where the facts are fully detailed.

A second trial was had by the court, resulting in a finding and judgment for Mrs. Bishop, her husband having died after the former appeal was determined and before the second trial.

It is now argued that the finding of the court is not sustained by the evidence, and it is also contended that the court erred in some of its rulings during the progress of the trial, in respect to the admissibility of evidence.

The appellee makes the point that none of these questions are in the record, and that, therefore, this court can not examine them.

It is not made to appear by direct statement in the record, that the short-hand reporter was duly appointed and qualified as such, but this may be inferred from the fact that it is certified by the clerk that the manuscript containing the evidence, which was filed in his office, was "furnished by Ira A. Kilbourne, short-hand reporter of said court," and inasmuch as this long-hand manuscript is incorporated in a bill of exceptions, duly signed by the judge, containing a statement that "this was all the evidence given in the above entitled cause," it fairly complies with the statutory requirement.

The appellant, a creditor of Ira Bishop, brought the action to set aside a conveyance which was made to Margaret Bishop of 160 acres of land in the year 1877. The evidence tended to prove that in the year 1844 Mrs. Bishop's mother, Mrs. McCann, delivered a sum of money to Ira Bishop, who was the husband of Margaret Bishop, and directed him to proceed to the "Indian Reserve" and enter two tracts of land adjoining each other, one for her daughter Margaret, the other for her son Patrick. Mr. Bishop received the money, proceeded to the "reserve," and entered two adjoining tracts of land containing eighty acres each, taking the title to one in his own name, and the other in the name of Patrick McCann. Subsequent to this Patrick McCann exchanged his eighty on the Indian Reserve, in Howard county, with Mrs. Bishop, for her interest in some lands in Rush county which she inherited from her mother. This was also conveyed to her husband. The husband paid no part of the consideration for either tract, and the evidence tended to show that his wife had no knowledge of the fact that the title to either tract was taken in his name.

It is inferentially conceded that as to the eighty acres obtained by the husband in exchange for his wife's interest in the Rush county lands inherited from her mother, the finding and judgment below was right, but it is argued that because the wife did not herself directly furnish the money to buy the first eighty, it therefore results that the finding and

judgment is not sustained by the evidence.    We do not con-
cur in this view of the matter.

The evidence shows that Mrs. McCann furnished her son-
in-law with money and instructed him to purchase the land
for her daughter, his wife.    It was intended that the wife
should be the beneficiary in the fund so furnished.    Taking
the title in his own name made the husband as much her trus-
tee as though he had received the money directly from his
wife's hand.    It was not for the husband to take to himself
the benefaction which the mother intended to bestow upon
her daughter, and his creditors can stand in no better attitude
than he stood himself.    *Brookville Nat'l Bank* v. *Kimble*, 76
Ind. 195 ;  Perry Trusts, section 127.

That the husband spent his time and labor in clearing and
improving the land, and that he paid the taxes, does not alter
the case.    The fact remains that it was the wife's land, and
he could not improve it away from her.

That he did not repair the wrong originally done to his
wife until he found himself involved in debt, can not defeat
her right to enjoy her own property.

The husband of Mrs. Bishop became the administrator of
his father's estate, and while administering upon that estate,
he caused the land acquired as above detailed to be conveyed
through a third person to his wife.    It is probable that he
was at that time in default as administrator.    A judgment
was recovered against him afterwards in favor of the estate,
and we are now earnestly solicited to reverse the judgment
of the court below, so that the loss of the estate may be
made good.

However grossly the deceased husband may have violated
his trust as administrator of his father's estate, and however
imperative the duty which rested upon him to perform his
obligation to those interested with him in it, the finding of
the court below, which is also sustained by the evidence,
shows that he violated a trust in taking the title to his wife's
land in his own name, and having chosen to rectify that by

causing what was equitably hers all the time to be conveyed to her, there is no rule of law or equity which would justify a court in taking her property to pay a debt of her husband's, however sacred. We find no error in the record.

Judgment affirmed with costs.

