Filed Feb. 7, 1888.

No. 13,039.

PECK ET AL. *v.* WILLIAMS.

JUDGMENT.—*Lien.—Prior Equities.—*The lien of a judgment is subject to all the equities in favor of third persons in land sought to be subjected to the satisfaction of the judgment.

STATUTE OF FRAUDS.—*Third Person Can Not Set Up.—Contract.—*A third person can not set up the statute of frauds in order to defeat a contract which the parties themselves have fully executed.

TENANTS IN COMMON.—*Equities.—Claims of Creditors.—Enforcement.—*Creditors of one tenant in common can only enforce their claims against their debtor's interest in the common estate subject to all the equitable interests of the other tenants therein.

SAME.—*Sale of Real Estate.—Parol Contract.—Statute of Frauds.— Sheriff's Sale.—Notice.—*Where one tenant in common, under a parol contract, purchases and pays a valuable consideration for the interest of his co-tenant, and continues in possession of the whole tract, making lasting and valuable improvements thereon, a purchaser at a sheriff's sale, under a judgment against the co-tenant subsequently rendered, acquires no title, although no deed was executed to the purchasing tenant until after the judgment was rendered, and although the purchaser at the sheriff's sale had no notice of the deed or of the rights of the purchasing tenant, except such as resulted from his possession of the land. In such case the contract of sale is taken out of the statute of frauds and an execution purchaser is put upon inquiry.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.

*R. Gregory* and *J. F. McHugh,* for appellee.

MITCHELL, C. J.— This proceeding was instituted by George Williams against Lury Peck and others to obtain the partition of certain real estate in White county. Issues were made, and, upon request, the court found the facts specially and stated its conclusions of law thereon.

The case may be disposed of upon the special findings of the court. So far as they are material to be stated, the facts thus found are, that prior to the year 1872 Lury Peck and John A. Dyer were tenants in common, with others, of a certain tract of land in White county. In 1872 Mrs. Peck purchased the interest of John A. Dyer in the common property, and paid him a valuable consideration therefor. There was no written contract of sale, nor was there a conveyance from Dyer of his interest in the land to Mrs. Peck. The latter had formerly been the widow of Mortimer Dyer, who died the owner of the land in controversy, leaving the appellant and John A. Dyer, their son, and others, as his heirs at law, to whom the real estate descended. The widow subsequently remarried, and occupied the premises as a home for the family. After she purchased the interest of John A., and also the shares of some of the other heirs, she continued in possession of the whole, making lasting and valuable improvements thereon. John A. Dyer lived on a farm in the neighborhood, and neither had nor claimed the possession of, or any right in, the homestead after the sale of his interest to his mother.

In 1876 Williams recovered a judgment against John A. and another in the White Circuit Court for $260 and costs, upon which judgment Mrs. Peck, then a married woman, became replevin bail for the stay of execution. After the judgment was rendered, viz., in December, 1876, John A. Dyer, in pursuance of the contract of purchase theretofore made, executed a deed of conveyance to his mother for his interest in the land. Subsequently, in June, 1877, Williams caused the interest of John A. Dyer in the common property to be

levied upon and sold at sheriff's sale, the former becoming the purchaser thereof, for the amount of his judgment, interest and costs. He received a sheriff's deed in due course, and upon this title he prevailed in the court below.

It was found that the deed from John A. Dyer to Mrs. Peck had never been recorded. Williams had no notice of the deed, or of the rights of Mrs. Peck except such as resulted from her possession of the property.

Upon the theory that the contract between Mrs. Peck and her son, under which she claimed to have become the owner of his share in the common property, was within the statute of frauds, and that it had not been rescued therefrom by the subsequent possession and improvements made by the purchaser; and upon the further assumption that Williams became a purchaser for value, in good faith, without notice, the court stated conclusions of law favorable to a recovery by the plaintiff below.

To sustain the conclusions of the court, the following authorities are relied on: *Sanford* v. *Tucker*, 54 Ind. 219; *Johns* v. *Johns*, 67 Ind. 440; *Armstrong* v. *Kattenhorn*, 11 Ohio, 265; *Workman* v. *Guthrie*, 29 Pa. St. 495; *Buckmaster* v. *Needham*, 22 Vt. 617; *Brown* v. *Volkening*, 64 N. Y. 76; Wade Notice, section 290.

These cases assert the general doctrine that the possession of one tenant in common is the possession of all, and that the mere continuance in possession of a tenant in common, or other person, is not such part performance as will take an oral contract for the sale of real estate out of the operation of the statute, or affect a purchaser such as Williams was with notice.

Without undertaking to discriminate more particularly between the cases cited, or to show their inapplicability to the present case, it is only necessary to say, there is nothing more thoroughly settled than that the lien of a judgment is subject to all the equities in favor of third persons in land sought to be subjected to the satisfaction of the judgment.

The rights of persons who have equitable interests which are prior in point of time to those of a judgment creditor, are the subjects of protection by a court of chancery. *Foltz* v. *Wert*, 103 Ind. 404, and cases cited; *Wright* v. *Jones*, 105 Ind. 17, and cases cited; *Heberd* v. *Wines*, 105 Ind. 237; *Wells* v.. *Benton*, 108 Ind. 585.

The general lien of the Williams judgment did not affect the equitable interest of Mrs. Peck, nor defeat the right of Dyer, the judgment debtor, to do that which in equity and good conscience he should have done before the judgment against him was taken, and that was, to convey the land to his mother, who had bought and paid him for it some four years before, and who had, on the faith of such purchase, taken exclusive possession and made valuable improvements on the land.

It has often been held that it does not lie in the mouth of a third person to set up the statute of frauds in order to defeat a contract which the parties themselves have fully executed. A debtor who holds the legal title to property in trust for another is not bound to permit it be sold to pay his own debts. The law permits an equitable trustee to be honest, and authorizes him to convey to the real owner that which the latter bought and paid for before the general lien of a judgment creditor attached. *Savage* v. *Lee*, 101 Ind. 514; *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432.

It must be remembered that Mrs. Peck and John A. Dyer, the judgment debtor, were tenants in common. Being a tenant in common, Mrs. Peck had something more than an equitable interest in the whole estate. As such tenant, she was seized of the whole title, as well as of an undivided part. Being thus seized, the creditors of her co-tenant could not divest her title to any part of the common estate, except upon the condition that her prior equities as co-tenant should first be adjusted. Creditors of one tenant in common can only enforce their claims against their debtor's interest in the common estate subject to all the equitable interests of the other

tenants therein. Each holds the title as a security for the adjustment of all equities as between himself and the other tenants, and a judgment creditor of one tenant in common can no more compel the other tenants to surrender the security which they hold, without regard to their equities, than could the tenant himself. In that respect the rights of tenants in common are analogous to those of partners in partnership property. *Foltz* v. *Wert, supra.*

One tenant in common can not, by a sale or incumbrance of his interest, defeat any antecedent right, growing out of the common tenancy, which could have been enforced in favor of his co-tenant, in a proceeding for an equitable partition or for the specific performance of a contract.

We need not determine, therefore, whether or not an execution plaintiff who purchases real estate at a sheriff's sale, the title to which is apparently in the execution defendant, takes the land clear of latent equities, and unaffected by unrecorded deeds of which the purchaser has no notice. We should hesitate to affirm that such a purchaser was as to prior equities a good-faith purchaser in any case. However this may be, where one tenant in common has purchased and paid for the interest of his co-tenant, and has taken the exclusive possession of what was theretofore the common estate, and made lasting and valuable improvements thereon before the lien of a judgment attaches, a judgment creditor who purchases the apparent interest of the tenant who has sold will be affected with notice of the rights of the tenant in possession. A contract of purchase thus made and carried into effect by possession and improvements made is taken out of the statute of frauds, and the state of the title and the possession of the purchaser are sufficient to put such a purchaser on inquiry. *Savage* v. *Lee, supra; Bruce* v. *Osgood, post,* p. 360.

The foregoing considerations lead to the conclusion that the plaintiff below acquired no interest in the land in controversy by his purchase at the execution sale. Mrs. Peck was not

affected by becoming replevin bail upon the judgment. Being a married woman, she had no capacity to bind herself by such a contract, and there are no facts found which estop her to assert her title to the land under the contract and deed made to her in consummation thereof prior to the sheriff's sale.

The judgment is therefore reversed, with costs, with directions to the court below to restate its conclusions of law and to render judgment on the special finding of facts in accordance with this opinion.

