No. 14,112.

## WARREN ET AL. *v.* HULL.

JUDGMENT.—*Lien of.*—*Prior Equities.*—A judgment is a lien on the interest the debtor has in the land. Prior equities will prevail against a judgment lien.

SAME.—*Lien.*—*Husband and Wife.*—*Real Estate.*—*Purchase of with Wife's Money.*—*Equitable Owner.*—Where land is purchased with money given to the wife by her father to buy a home, and afterwards the husband buys other land, which it is agreed shall belong to the wife, it being understood by the party advancing the purchase-money that he is to be repaid from money to be realized from the sale of the property first purchased, and is so repaid, the wife is the equitable owner of the land last purchased, and it is not subject to the lien of a judgment obtained against the husband.

From the Howard Circuit Court.

*M. Bell* and *W. C. Purdum,* for appellants.

*J. W. Cooper* and *B. F. Harness,* for appellee.

ELLIOTT, J.—The appellant asserts that he has a lien upon the real estate in controversy by virtue of a judgment obtained by him against the appellee's husband, John H. Hull. The appellee claims that she is the equitable owner of the property, and that her right is superior to the judgment lien of the appellant.

It is the settled law of this State that a judgment is a lien on the interest the debtor has in the land, and upon nothing more. Prior equities will prevail against a judgment lien. *Shirk* v. *Thomas,* 121 Ind. 147. If it be true, as the appellee asserts, that she is the equitable owner of the land, then the judgment is not a lien.

It is clear from the evidence that the appellee's father gave her two thousand dollars with which to buy a home, and that this money was invested in property, but not in the specific property in controversy. The evidence, however, fairly au-

thorizes the inference that the property in dispute was bought for the appellee, and that it was to be paid for out of money to be realized from the sale of the property first purchased; but it further appears that the money to pay for the property in dispute was advanced by George D. Tate to John H. Hull. It also appears that Tate understood when he advanced the money that he was to be repaid out of the avails of the property first bought, and that he was repaid out of that money. It further appears that the appellee insisted from first to last that the property last purchased was, and should be, hers, and that the husband assented to his wife's claim.

It is evident that the money which bought the property was that of the wife, and not that of the husband. The consideration moved from her, although it is true that in the first instance the property was paid for with money obtained from Tate; but, while this is true, it is also true that the intention of the parties was that the property should be the wife's, that it should be paid for with her money, and it was ultimately paid for with money given her by her father. The fact remains, notwithstanding the intervening transaction, that the property was bought for her, and that it was her money which paid for it. The money of the wife went into the property, and there she may follow it. *Derry* v. *Derry*, 98 Ind. 319; *Heberd* v. *Wines*, 105 Ind. 237.

We should very much doubt the right of the appellant to subject the property to the lien of his judgment even if Tate had advanced the money without any agreement that it should be repaid out of the avails of the sale of the appellee's property, for we are inclined to the opinion that if her money actually paid for the property, her right would be superior to that of the appellant, as we believe that one who pays for property has an equity which will prevail against a mere judgment lien, although it may be true that the money did not go into the property at the time of the purchase, but did subsequently go into it. We need not, however, decide

that question, and we do not, for here the evidence shows the agreement that the property should belong to the wife, that it should finally be paid for with her money, that the man who temporarily advanced the money understood that he was to be repaid from her money, and that it was her money which actually paid for the property. To us it seems clear beyond controversy that the husband did not acquire any title as against his wife, and if he did not, then there is nothing upon which the judgment can fasten. Certainly the husband can not wrest from his wife her father's gift, and, if he can not, neither can his creditor. The creditor has no greater rights than those of the debtor, for he claims through him, and he can not be granted what the debtor would unhesitatingly be denied. Our conclusion is fully supported by the case of *Lord* v. *Bishop*, 101 Ind. 334.

