## No. 15,717.

## WARNER ET AL. *v.* WARNER.

TRUST AND TRUSTEE.—*Husband and Wife.— When Husband will be Deemed to Hold in Trust for Wife.—Real Estate.—Adverse Possession.—Statute of Limitations.*—When a father, in consideration of natural love and affection, agreed to convey to his married daughter a certain tract of land, but before the conveyance was made it was mutually agreed between the father, the daughter and a brother of the daughter, who held a tract of land which he desired to exchange for the first named tract, that the father should convey said tract to the brother of appellee, and in return therefor the brother should convey his tract of land to appellee; that the land, as per agreement, was conveyed by the father to the brother of appellee, and that appellee entrusted the conveyance of the land, to be made to her by her brother, in the hands of her husband as her agent; that instead of making the conveyance to her the husband fraudulently took the conveyance in his own name, and concealed the fact from appellee, and such fact did not come to her knowledge until after the death of her husband, who died intestate.

*Held,* that such action by the husband was a gross fraud upon the rights of the wife, and that equity will hold the husband to be the trustee of the wife, and that the property so held in trust is not subject to the debts of the husband.

*Held,* also, that the question as to whether the wife did or did not have adverse possession of the land was wholly immaterial, the evidence and the special findings showing that the husband fully recognized the right of the wife up to the time of his death.

*Held,* also, that the statute of limitations would not commence to run until the husband disowned his trust.

From the Wells Circuit Court.

*L. Mock, A. Simmons, C. L. Holstein* and *C. E. Barrett,* for appellants.

*A. N. Martin, G. C. Vaughn* and *J. H. C. Smith,* for appellee.

COFFEY, J.—The first paragraph of the complaint in this cause is an ordinary complaint to quiet title to land, based upon an alleged legal title held by the appellee.

The second paragraph alleges, in substance, that in the year 1851 Henry Gehrett, who was the father of the appellee, was

the owner in fee of an eighty-acre tract of land in section two, township twenty-five, range twelve, in Wells county, which, in consideration of natural love and affection, and in order to provide her a home, as he had done for his other children, he agreed to convey to the appellee, who was the wife of Jacob Warner, in fee simple ; that Samuel Gehrett, who was the appellee's brother, was at the same time the owner of the eighty-acre tract of land described in the complaint, in section 14 of the same township and range, which he was desirous of exchanging with the appellee for the eighty-acre tract proposed to be conveyed her by her father; that it was mutually agreed between the appellee and her husband, Jacob Warner, her father and the said Samuel Gehrett, that her father should convey said land in section two to the said Samuel, and that in consideration thereof the said Samuel should convey the tract so owned by him to the appellee; that in pursuance of said contract the appellee's father did convey the tract so intended for her to Samuel, and she entrusted the said Samuel and her husband with the business of making a conveyance of the land by Samuel to her; that in violation of his trust the said Jacob procured said land to be conveyed to himself; that said conveyance was made to her husband, Jacob Warner, without her knowledge or consent ; that he paid no consideration therefor whatever, the same being made solely in consideration of the tract of land so conveyed by her father to the said Samuel Gehrett; that said Jacob never recorded said conveyance, and never made known to her the contents of the same, and never in her presence claimed to be the owner of said land; that she had full confidence in her husband, and always believed that the land had been conveyed to her, and, so believing, has ever since the execution of said conveyance claimed to be the owner thereof, and has always since its execution in the year 1851, both personally and through her said husband as her agent, been in the continuous, open and adverse possession of said land as sole owner thereof; that her hus-

band, Jacob Warner, died intestate on the 17th day of March 1887, when for the first time she discovered that said conveyance had been made to him and not to her; that all the appellants are the children and only heirs of said husband, except the appellants Pedrick and Pedrick, who are judgment creditors. Prayer that the deed be declared void, except in so far as she is entitled to have the title thereby conveyed decreed to be held in trust for her by the said Jacob Warner.

The third paragraph is a complaint to quiet title based upon an alleged twenty years' adverse possession of the land by the appellee.

The appellants filed answers and cross-complaints, and upon issues joined the cause was tried by the court, a special finding of facts and conclusions of law thereon being filed, upon which the court entered judgment for the appellee.

It is assigned as error that the court erred in overruling a demurrer to the second paragraph of the complaint. It is contended that the facts stated in this paragraph bring the case within the rule that a court of chancery will not enforce an unexecuted, imperfect trust in favor of a volunteer, as held in the case of *Wright* v. *Moody*, 116 Ind 175, and in the case of *Pearson* v. *Pearson*, 125 Ind. 341.

We are not inclined to adopt this contention. There is here present something more than a mere unexecuted trust, and the appellee is in no sense a volunteer. She had a contract by the terms of which the land in controversy was to be conveyed to her in consideration of the conveyance to the owner of a tract which was intended by her father as an advancement to her of a part of his estate. The land intended for her was conveyed to her brother pursuant to the contract, and she entrusted the consummation of her agreement to her husband, in whom she naturally had confidence. Instead of faithfully executing his trust, as her agent, he took the conveyance to himself. This was a gross fraud upon her rights, and in such case equity will decree the agent to be the trustee of the principal. Perry Trusts, sections

240, 241; 2 Pom. Eq. Jur., section 1044; 2 Washb. Real Prop. 476; *Cox* v. *Arnsmann,* 76 Ind. 210; *Lord* v. *Bishop,* 101 Ind. 334; *Warren* v. *Hull,* 123 Ind. 126.

The facts in this case bring it clearly within the principles announced in the case of *Lord* v. *Bishop, supra.*

As said in *Warren* v. *Hull, supra,* "Certainly, the husband can not wrest from his wife her father's gift, and, if he can not, neither can his creditors."

The appellee's husband never had a dollar invested in the land in dispute, and to permit him to take and hold it without the consent of the appellee would be the grossest injustice. In our opinion the second paragraph of the complaint states a cause of action.

The special finding of facts corresponds with the allegations in the second paragraph of the complaint, and is, in our opinion, fully sustained by the evidence. The question as to whether the appellee did or did not have adverse possession of the land is wholly immaterial, as the evidence, as well as the special findings, shows that the husband fully recognized the right of the appellee up to the time of his death.

The statute of limitations would not commence to run until he disavowed his trust. The court did not err, in our opinion, in its conclusions of law upon the facts as stated in the special finding.

It is also urged that the court erred in admitting certain evidence over the objection of the appellants, and in overruling certain motions made by them relating to the facts to be contained in the special findings of the court.

We have carefully examined the questions here presented, and find no error. No good purpose would be subserved by setting out these questions in this opinion.

In our judgment this cause was correctly determined upon its merits in the circuit court.

Judgment affirmed.

Filed May 24, 1892; petition for a rehearing overruled Sept. 16, 1892.