No. 17,077.

HUFFMAN v. COPELAND ET AL.

WILL.—*Husband and Wife.—Contract as to Disposition of Wife's Estate.*—*Effect Upon Husband's Inchoate Interest.—Election by Husband to Take Under Will.—Rights of Husband's Judgment Creditors.*—Where a wife executes a will devising all of her estate, excepting a bequest of one hundred dollars to the husband, to her children and grand children, in pursuance of a written contract between herself and husband whereby, in consideration that she should so devise her estate, he would relinquish all interest which he could take by virtue of the statute of descents, and upon her death he elects to accept the provisions of the will, as provided by the act of March 4, 1891, amending section 2485, R. S. 1881 (Acts 1891, p. 71), no interest in the wife's real estate vests in him but the property goes to the devisees free from any claim by the husband's judgment creditors.

From the Marion Circuit Court.

*C. S. Denny, W. F. Elliott, J. L. Mitchell* and *J. L. Mitchell, Jr.,* for appellant.

*W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellees.

DAILEY, J.—The appellant, William D. Huffman, was plaintiff in the court below, asking that certain real estate described in his complaint be declared subject to execution and ordered to be sold to satisfy a judgment of $8,553.01, recovered and held by him against the appellee, Joshua W. Copeland.

The facts stated therein are, in substance, that Margaret B. Copeland was the owner, at the time of her death, of the real estate therein set forth; that said Joshua was her husband, and the appellant recovered said judgment against him a number of years before, which was in force at the time of the testatrix's death. It is claimed that it became a lien at that instant, upon one-third in value of the real estate of which she died seized and which by descent was cast upon the surviving husband; that on the 27th day of March, 1892, while said Margaret was incurably ill and expecting to die, she and said Joshua, in order to cheat, hinder and delay his creditors, especially this plaintiff, and to prevent plaintiff from getting the one-third in fee of said real estate which would descend to him by law, and have been subject to plaintiff's judgment, caused a will to be made, which was probated on the 23d day of May, 1892, giving him but $100, and devising and bequeathing the residue to her children and grandchildren; that on the 7th day of April, 1892, in furtherance of said arrangement, he agreed to accept the bequest and waive all interest he might have in the property under the law. The wife agreeing at the same time that the will should remain as her last will and testament, both of which agreements were indorsed on the will. It is also averred that said Margaret had full knowledge of the existence of said judgment against her husband, and of the latter's insolvency, and that the entire transaction was with the fraudulent intent on the part of Margaret and her hus-

band of defeating and preventing the enforcement and collection of said judgment.

There was an answer filed to this complaint, in which it was shown that the will of said Margaret which devises all the real estate, that the appellant seeks to subject to his judgment, to the children and grandchildren of the testatrix, to the exclusion of any interest therein of her husband, Joshua W. Copeland, against whom alone appellant's judgment was recovered, was executed in pursuance of a written contract upon a valuable consideration between said Margaret and Joshua, whereby, in consideration that she would execute the will in question and permit it to become her last will and testament at her death, he would relinquish all interest in her estate, real and personal, which he would or could take by virtue of the statute of descents; that after the death of said Margaret, and within the time limited by the act of March 4, 1891, amended section 2485, R. S. 1881, Acts of 1891, p. 71, said Joshua elected, in manner and form as prescribed by this act, to accept the provisions of said last will and testament, in lieu of the provisions made by law in the estate of his deceased wife, etc.

The appellant demurred to the answer of the appellees. This demurrer was overruled, and he thereupon elected to stand upon his demurrer, and, refusing to plead further, judgment was entered in favor of the appellees, from which judgment this appeal is prosecuted.

The point is made and ably argued in the brief of the learned counsel for the appellant, that the answer does not deny the charges of fraud and fraudulent intent contained in the complaint. It is a well recognized rule of pleading that allegations of fraud, no matter how strongly made, avail nothing unless predicated of facts stated in the pleading which may be made the subject of fraudulent conduct, and the sufficiency of the pleading con-

taining such charges must always be determined. If these do not show that a legal wrong has been done the party complaining, his cause is not helped by characterizing such facts as fraudulent. *Conant* v. *Nat'l State Bank, etc.*, 121 Ind. 323; *Bodkin* v. *Merit*, 102 Ind. 293; *Ham* v. *Greve*, 34 Ind. 18; *Darnell* v. *Rowland*, 30 Ind. 342; *Curry* v. *Keyser*, 30 Ind. 214.

The force and sufficiency of the pleading are, therefore, to be determined by the facts stated, and the answer is to be held good or bad upon demurrer as it does or does not state a defense to these facts.

The statute of descents, in force prior to the act of March 4, 1891, as affecting the question here presented, is contained in section 2485, R. S. 1881; Burns R. S. 1894, section 2642, which is as follows: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage."

In *Noble's Executrix* v. *Noble*, 19 Ind. 431, this court, in construing the section, held that by the force of this section and section 2488; Burns R. S. 1894, section 2649, one-third of the real and personal estate of a deceased wife descended to her husband, notwithstanding she had made a will by which it was attempted to make a different disposition of her property. In that case, however, no question, save that of the right of the wife to exclude her husband from any share in her estate by will, was presented or considered.

In *O'Harra* v. *Stone*, 48 Ind. 417, judgment creditors of the husband sought, as in the present case, to subject one-third of the real estate of a deceased wife to the payment of their judgment. It was shown in the defense that the wife had devised all her real estate to her two sons to the exclusion of any interest in her husband, and

that he advised, counseled and consented to the making of said will, and acted as executor and never claimed any interest in the real estate.

It was held, in this instance, following *Noble's Executrix* v. *Noble*, *supra*, that under section 2485 the surviving husband took by descent, notwithstanding the testacy of his wife, one-third of her real estate, and that "his acquiescence in the will did not affect the rights of his judgment creditors." There was no question presented in the case as to the effect of a contract between the husband and wife pursuant to which the will was made. It was simply decided that merely passive acquiescence by the husband, or consent on his part, could not prevent the operation of section 2485 to cast one-third of the wife's real estate upon him by descent.

The case of *Roach* v. *White*, 94 Ind. 510, cited by appellant's counsel, was similar to *O'Harra* v. *Stone*, *supra*, as to the effect of mere consent by the husband to the making of a will by the wife excluding him from any interest in her real estate. The allegation of the complaint was that the will was made with a "full knowledge of all the foregoing facts on the part of the husband, and with his full consent thereto."

The court held that under section 2485, *supra*, "the right of the surviving husband to one-third part of the real estate of which his wife has died seized is absolute, *except in cases in which this right has been waived by some agreement, either ante-nuptial or post-nuptial, or where he is restrained by some estoppel which he has imposed upon himself.*"

It is further said in the case: "The facts, as stated, afford no pretense that there was any agreement on the part of the appellee to relinquish his inchoate interest in the real estate, or that there were any representations

made by the appellee to the appellant tending to induce her to believe that he would assert no claim to the real estate so devised to her; indeed, there was nothing in the appellee's consent that his wife might devise the real estate to the appellant inconsistent with the claim he now makes as the surviving husband, since his wife could not, by her will, deprive him of his one-third interest in her lands."

This is a distinct recognition by the court that while mere acquiescence or consent on the part of the husband will not prevent him or his creditors from taking the interest so cast upon him by descent, an agreement on his part, antenuptial or postnuptial, whereby he relinquishes the same, or any conduct which creates an equitable estoppel against claiming such interest, will prevent him or his creditors from denying the right of the wife to devise, to his or their entire exclusion.

The precise question involved in the case at bar was ruled upon in *Wright, Admr.*, v. *Jones*, 105 Ind. 17. There certain judgments had been recovered against Jesse Jones in the lifetime of his wife, and, upon her death, it was claimed that they became liens upon one-third, in fee, of the real estate of which she died seized. She left a will by which she devised to her surviving husband a life estate only in one parcel of her real estate, and all the residue thereof, in fee, to her children. The will was made pursuant to an agreement between her and her husband, by which, in consideration of the promise of the wife that she would make a will such as the one in question, he was to accept the provisions thereof for his benefit, and thereupon it was drawn pursuant to said agreement, and, after her death, the husband accepted the life estate devised to him in full of all interest in her estate, and took possession of the portion so devised to him, and permitted all the residue of said real estate to be

taken possession of by the other devisees.    It was claimed that under these facts the wife had the same right to put her husband to an election to take or reject the provisions of her will, as a deceased husband had to compel his wife to elect, and that the mere fact that the husband had elected, after the death of his wife, to accept the will, prevented any estate vesting in him, except such as was devised to him by the will, while it was contended, on the other hand, that a husband could not be put to an election.

The court did not decide the case upon this point, but held that the facts stated showed that the will had been executed pursuant to a contract between the husband and wife, which was effectual to intercept the vesting in the husband of any interest in her estate or real estate except such as the contract provided for.

In its reasoning the court said:    "If the husband prefers a life estate in a particular piece of the property, and to secure the desired estate promises to accept such a life estate and to relinquish his claim as to all other interest in his wife's property, and she, in consideration of that promise, undertakes to vest that life estate in him, the agreement is valid, because it possesses all the essential features of a contract.    If the contract were carried into effect by the execution of a deed, it would, as it seems to us, be impossible to impeach it.    No ground upon which it could be impeached occurs to us, and none has been suggested.

"The difference between the case we have put by way of illustration and the real cause consists simply in the method of vesting the life estate in the husband.    In the supposed case the method is assumed to be by deed, while in the real case it is by will.

"We can not believe that the method of vesting, whether by deed or will, can change the legal aspect of the case,

provided there is, as here, an execution of the contract by the husband by a family settlement and a delivery and an acceptance of the respective estates created by the wife's will. *Once it is granted that such a contract is valid, then it must follow that the method of vesting the estate is not of controlling importance.* Equity regards the substance of a transaction, and not the form. Where the substantial merits of a transaction bestow rights upon the parties, form is not of much moment.''

It may be observed that the contract in this case was not in writing, and it was objected by the judgment creditors of the husband that it could not be enforced for that reason, but the court held that the objection of the statute of frauds was only available as between the parties to the contract, and it was decided upon the sole ground that the will had been made limiting the husband's interest to a life estate in one parcel, pursuant to a contract between the husband and wife whereby, in consideration that she would devise to him this interest in her real estate, he agreed that she might devise all the residue of her real estate to her children, which contract had been executed by the making of a will pursuant to its provisions, which the wife had allowed to become her last will and testament.

It is true, it was averred that the husband, when it was entered into, was free from debt, but the decision puts no stress upon this fact, and is made to turn solely upon the fact that there was a contract upon a sufficient consideration between the husband and wife for the making of the will in question and under which it was executed. It is apparent that the husband's freedom from debt can not be a material consideration. No matter how insolvent the husband may be, nor how many judgments may be outstanding against him, if the wife should desire to sell her real estate to a third person, and

the husband, without receiving any part of the purchase-money, should join in the deed, the mere fact that he was indebted would not affect the transaction. The conveyance would be perfectly valid and the entire estate would pass to the grantee. In such case the creditors of of the husband, whether by deed or otherwise, would have no lien against her real estate. They could not subject to the payment of their debts the husband's inchoate interest. It is too intangible to be reached, or in any way affected by his creditors. His interest is, in the lifetime of the wife, precisely of the same character as the wife's inchoate interest in his real estate. It has been held that the deed of the wife in which the husband joins, attempting to convey her inchoate interest in his real estate to a third person distinct from the husband's interest, is absolutely void. *McCormick* v. *Hunter*, 50 Ind. 186.

It has also been decided that the wife's inchoate interest is so intangible in its character that she can not maintain an action to quiet her title thereto. *Paulus* v. *Latta*, 93 Ind. 34.

Under these authorities it is clear that Copeland, at no time during the life of his wife, had any interest in her real estate that he could have conveyed, separately from the entire estate, for any purpose. It therefore follows that he had no interest that could have been subjected to the payment of his debts. It can not be successfully contended that at the time the contract was entered into between him and his wife the appellant could have levied an execution, issued upon his judgment, upon any interest in Mrs. Copeland's real estate, or that he had any lien upon any interest therein by virtue of his judgment, nor could it be contended that the joint deed of Mrs. Copeland and her husband would not have conveyed her real estate to the grantee, absolutely, free

from any claim of the appellant by virtue of his judgment, nor would it make any difference that the transfer was without consideration. Nor can it be insisted that if Mrs. Copeland had intended to convey her land by deed, precisely as she has conveyed it by the will in question, the appellant could have prevented the husband from joining therein.

Under the statutes of this State, a married woman holds her real estate absolutely free from the debts of her husband, or from any control by him. Indeed she holds it precisely as if she were unmarried, except she shall not convey or mortgage the same unless her husband join in such contract, conveyance, or deed. R. S. 1881, section 5116; Burns R. S. 1894, section 6962.

It is not until after the decease of the wife that the husband acquires an interest in her real estate which may be subjected to the payment of his debts. It is the event of her death which creates such interest, and if before that time a contract has been made between her and him, which otherwise disposes of such interest, the contract so made precludes the vesting in him of any interest by descent.

The legislation of this State, in this line, for the past forty years, has been remedial in its nature and for the purpose of placing a married woman in a position, so far as her property is concerned, as entirely unfettered and independent of the husband's debts, as if she were unmarried. All this, however, would be defeated if, whenever he became insolvent or in debt, he was deprived of the power to enter into contracts with her by which she could dispose of it free of his inchoate interest. The strong equity, calling for the upholding of such agreements, can only be overcome by a superior counterequity. But in this case the appellant, who is only a

judgment creditor of Copeland, with nothing more than a general lien, has no equity whatever.

It is settled by this court that a judgment creditor has only such rights as the lien created by statute gives him, the extent and effect of which are measured by the statute, and that prior equities will prevail against a judgment lien. *Warren* v. *Hull*, 123 Ind. 126; *Shirk* v. *Thomas*, 121 Ind. 147; *Whipperman* v. *Dunn*, 124 Ind. 349; *Lord* v. *Bishop*, 101 Ind. 335; *Koons, Admr.*, v. *Mellett*, 121 Ind. 585.

The cases of *Roach* v. *White, supra,* and *Wright, Admr.*, v. *Jones, supra,* establish as the law of this State that a contract may be entered into between a husband and a wife by which any interest in her real estate which would go to him at her death by descent may be devised to other persons so as to preclude him or his creditors from asserting any claim thereto. It can not be that one-third of the real estate of which the wife dies seized descends to the surviving husband, despite any contract he may have entered into with his wife to preclude such descent. The inchoate interest of the husband in the lifetime of his wife is not such a vested interest as to be protected by the constitution against legislative change, or even entire abolition. *Noel* v. *Ewing*, 9 Ind. 37.

It was certainly competent for the Legislature, at any time before the husband's rights became vested by the death of the wife, to amend the law so as to enlarge her testamentary powers over her real estate as against the husband, and for a stronger reason it may be enlarged as against his creditors.

The act of March 4, 1891 (Acts of 1891, p. 71) amends section 2485, *supra*, by adding the following proviso: "*Provided*, If the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which

election shall be made within ninety days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases."

It is contended by the appellant that the husband was deprived of the power to make an election by the fact that the appellant had a judgment against him. But here the obstacle in the way of the appellant is that it must appear that he had some interest in the property of Mrs. Copeland by virtue of the judgment before and at the time Copeland made the election, otherwise he would have no concern in the matter. The effect of the proviso is to make the vesting of any interest in the surviving husband depend upon his election to take under the law and reject the will. Until such election is made, no interest vests in the husband except such as the law gives him. There must be affirmative action to take under the will before any interest vests in him under this section. The statute does not limit his right to elect by the fact that he shall be free from debt, by judgment or otherwise, and the court can not add such condition. Its construction should be such as to promote its manifest spirit rather than to restrict or defeat its purpose.

Guided by this reasoning, we are of the opinion that his election to take under the will instead of under the law, as shown by the answer, left him no interest whatever in his wife's real estate to which the appellant's judgment could attach; and that the court did not err in overruling the demurrer to the answer.

The judgment of the court below is affirmed.

Filed Nov. 22, 1894.