Parker, C. J.,
delivered the opinion of the Court. The demand-ant claiming the land in question by virtue of a judgment against the tenant, and an execution pursuant thereto, levied upon the same as the tenant’s estate; the tenant cannot under the issue deny the demandant’s title. If the estate was the tenant’s, the levy being regular, it passed to the demandant; if the estate was not his, he has no interest which entitles him to contest the demandant’s claim.
If he intended to defend the right of his son, as heir to his grand father, he should have pleaded a special non-tenure, and set up the right of his child.
That right will not be barred by a recovery in this action. But it will be well, in order to prevent premature claims, to see how tne title stands. If the conveyance of Elizabeth, the widow of Barnabas, be valid, then the husband of the grantee, the present tenant, became at her death tenant by the courtesy ; and his estate passed by the levy to the demandant. Whether that conveyance be valid or not, depends upon the authority given to Elizabeth in the will, and her exercise of that authority according to the will. She had power, with the advice and consent of the other executors, to sell and dispose of the real estate, if necessary for her comfortable support. Their consent may be proved by parole. If she was a competent witness, it is proved.
* The objection to her competency is, that she is in- [ * 190 ] terested. If she is, it is only to maintain her conveyance ; and that is as much for the benefit of the tenant in this action, as for the demandant. Her covenants are, that she has authority to sell, &c. and both the parties in this suit are interested in establishing that authority; so that a verdict in this action, as far as it may rest upon her testimony, cannot affect her in any action, which may be brought upon her covenants. She is a competent witness, and the fact of authority being proved, her deed is established.
As .to the objection, that the execution was not rightly levied upon the land, but ought to have been upon the rents and profits, we do not think it is maintained. The case of Barber vs. Root only decides that the rents and profits might have been taken in such case ; and a usage to the contrary of this is there recognized. A levy upon the land passed all the interest which the tenant had, and no more. It was not a case in which the statute required the rents and profits to be taken ; because it might be set off by metes and bounds. At present we see no reason why either mode of satisfying the execution might not be adopted in such a case; but the mode adopted in this case was without doubt lawful.
*162 Concerning the objection, that, as by the will Elizabeth Barker became tenant in common with her children, and therefore could not convey any part of the estate in severalty; the answer, that her power to sell extended over the whole estate, is sufficient. Her authority to convey was not limited as her right to enjoy it, she being permitted to sell so much of the real estate, as might be sufficient to supply her necessities, and render her situation comfortable.
Such being‘the opinion of the Court upon the case submitted, the demandant is entitled to judgment for possession.

Tenant defaulted.