Curia, per Fhost, J.
Frances Starke, the wife of Thomas J. Starke, was seized in fee of the tract of land in dispute. Judgment was recovered against Thomas J. Starke during the coverture; and the tract was sold by the sheriff, under an execution sued out on the judgment, and purchased by the defendant; who entered and continued in possession to the time of bringing this action. After the purchase by the defendant, Frances Starke died; leaving, surviving her, two children, the plaintiffs, and Thomas J. Starke, her husband; who are the distributees of her estate. The title of the plaintiffs to two-thirds of the land (which is all they claim) is not disputed. The defendant, however, denies that the plaintiffs have any right to sue him: .claiming that, by the sheriff’s sale and conveyance to him, he acquired not only the interest in the land, of which Starke was possessed, by his marriage, at the time of the sale; but also, the distributive share to which Starke might become entitled, in case he survived his wife. And thus the defendant maintains that he is tenant in common with the plaintiffs of Starke’s distributive share of the tract.
The cases of Harvin vs. Hodge, (Dud. 23,) and Reeder ads. *8 Craig, (3 McC. 411,) are cited in support of the defendant’s claim. In the first case, husband and wife joined in a deed of conveyance, in fee, of the wife’s land with warranty. The wife’s renunciation of her inheritance was irregular and void. It Was held that the purchaser acquired the husband’s distributive share, on the death of his wife, and was a tenant in common with the other distributees of her estate. In the second case, land was conveyed, in fee, with warranty, to a part of which the grantor had no title, at the time of conveyance. He afterwards acquired a good title to this part. It was held that this title became immediately vested in the grantee. The estate and title, in these cases, were transferred to the grantee by the force and effect of the conveyance in fee with warranty, whereby the grantor was estopped to deny that the grantee had an absolute estate in fee simple. For “ the fruit and effect of a warranty, in deed, is, that it doth always conclude and bar the warrantor, himself, and his heirs general, of the land so warranted, forever: so that all his present and future rights that he hath, or may have therein, are hereby extinct.” (Shep. Touch. 182). This effect of a warranty is, of course, limited to a grant in fee. A warranty cannot operate to enlarge the estate granted; but only to give assurance of it. However large may be the warranty, it is extinguished when the estate to which it is annexed is determined. “ If the estate to which the warranty is annexed be gone, (that is, determined or defeated) the warranty annexed thereto is gone also. And, therefore, if an estate tail, to which a warranty is annexed, be spent, the warranty is determined.” (Shep. Touch. 201). So, if the grant be of an estate for life; or of all the grantor’s right, title and interest: Hurd vs. Cushing, (7 Pick. 169),
There is no warranty in a sheriff’s deed of conveyance; nor is any warranty, in law, by the defendant in the execution, annexed to the land conveyed. The sheriff conveys only the right, title and interest of the defendant. Even if there were a warranty, in deed or in law, annexed to the land conveyed by the sheriff, it could not operate to enlarge the estate beyond the *9 terms of the deed; and it would be extinct when the estate granted was determined or defeated.
What right, title, or interest does the husband possess in the real estate of his wife 1 Properly, he cannot be said to have any estate in it. He has only the usufruct, the right to receive the rents and profits during the joint lives of himself and his wife.
The sheriff cannot levy, sell and convey any greater interest in the land than the defendant has at the time of levy and sale. The purchaser can acquire no more than the defendant had at the time of the levy. The sheriff’s conveyance of any more must be simply void. 14 Mass. 20; Williams vs. Amory; 16 Mass. 186, Roberts vs. Whiting; 1 Hill, 111, Johnson vs. Payne.
It has been argued that the right of the husband to a distributive share of his wife’s land, in the contingency that he survive her, is a right, title and interest which may be levied and sold for payment of his debts. There can be no doubt that a vested remainder, in fee, may be levied and sold, during the continuance of a precedent life estate. But there is not the least analogy between the cases. Those among whom the law distributes the estate of an intestate aie his statutory heirs; and they stand in the same relation to each other as the ancestor and heir at common law. The same rule applies, “ nemo est hceres viven-tis.” The- heir apparent has no more interest in the estate to which by law he may succeed, during the life of the owner, than the remotest stranger. Husband and wife may inherit from each other, as either may inherit from their next of kin,— and not otherwise. It would be preposterous to assert that a purchaser from the sheriff, of the distributive share of one of many co-distributees of a tract of land, should acquire the distributive shares which the defendant might, by survivorship, acquire in the shares of all his co-distributees. The cases of Rabb vs. Aiken, (2 McC. Ch. 119,) and Johnson vs. Payne, (1 Hill, 111,) settle the principle which must be decisive of this; that a sheriff’s sale and conveyance transfers the property, inte *10 rest and estate in. land, which the defendant had at the time of the levy ; and no more.
The motion is dismissed.
O’Neall, Evans, Wardlaw, Withers and Whitner, JJ. concurred.

Motion dismissed.