STRONG *v.* CLEM.

<span>12  37</span>
<span>155  147</span>

A dower interest in the real estate of her deceased husband accruing to the widow by virtue of the marriage is assignable.

The right of the widow being equitably assignable, may be enforced, under the code, in the name of the assignee.

*Strong* v. *Bragg*, 7 Blackf. 62, though correctly decided as a case at law, was incorrectly decided as a case in chancery.

Where a husband, before the 6th of *May*, 1853, owned land and conveyed it in fee simple, his wife not joining in the deed, and after the taking effect, upon that day, of the statute abolishing dower and substituting a fee simple, the husband died, the wife cannot take either dower or one-third in fee.

So far as the statute of 1853 provides that one-third in fee of land so conveyed and vested in the purchaser, shall be divested out of him and vested in the widow of the deceased grantor, it is unconstitutional and void.

Notwithstanding the statute purports to abolish existing tenancies by the curtesy and in dower already in enjoyment, it can only be held to take away inchoate rights.

APPEAL from the *Kosciusko* Court of Common Pleas. <span>Monday,</span>
PERKINS, J.—Suit for partition of certain real estate. <span>May 23.</span>
The suit is by *Benjamin F. Strong* against *John Clem.*
The plaintiff alleges, in his complaint, that he is the owner
in fee of one-third of the land in question, and that said
*Clem* is the owner in fee of the other two-thirds.

The defendant answers that he is, the owner in fee of
the whole of said lands, and that the plaintiff is not the

,owner of one-third.   The defendant alleges that in 1844 the land was owned by one *Jones*, a married man; and that, in the year aforesaid, *Jones* conveyed the land to one *Parry*, his wife not joining in the deed; that after the 6th of *May*, 1853, *Jones* died, leaving his wife of 1844 surviving him; and that the said Mrs. *Jones*, since the death of her husband, has assigned her interest in the land to the plaintiff, by virtue of which assignment he claims one-third in fee of the land.

The plaintiff demurred to this answer; the Court overruled the demurrer; and final judgment was rendered against the plaintiff.

The first question arising in this. case is, whether a dower interest accruing to the widow, in the real estate of her deceased husband, by virtue of the marriage, is assignable; and we think it is.   Upon the death of the husband, the previous inchoate right of the wife becomes consummate—a vested right, lying, it is true, in action, but still vested.   It is a right, a chose in action, arising, not out of tort, but contract.   Such rights of action, and such interests, were assignable in equity, at common law, so as to enable the assignee to recover upon them in a suit in his own name, in chancery but not at law.   The assignment transferred the equitable, not the legal title.   KENT says (4 Comm. 61), that " The widow cannot enter for her dower until it be assigned her, nor can she alien it, so as to enable the grantee to sue for it in his own name.   It is a mere chose or right in action," &c.   1 Greenl. Cruise, p. 189. But, per DEWEY, J., in *Slaughter* v. *Foust*, 4 Blackf. 379, " Choses in action, which, by the common law, are even unsusceptible of assignment so as to enable the assignee to maintain a suit at law upon them in his own name, are capable of being equitably transferred, so that the purchaser may resort to a Court of chancery for redress without the aid of the name of the assignor.   No formality is necessary to effect this species of transfer; * * * a debt may be assigned in equity, by parol, as well as by writing."

And in *Mitchell* v. *Winslow*, 2 Story's R. 630, where the doctrine of equitable assignments is learnedly examined,

Mr. Justice STORY says: "Courts of equity do not, like Courts of law, confine themselves to the giving of effect to assignments of rights and interests, which are abso- lutely fixed and *in esse*. On the contrary, they support assignments, not only of choses in action, but of contin- gent interests and expectancies," &c. No good reason has been assigned for excepting consummate rights to dower. See the limitations upon the above proposition from *Story* in the well-considered case of *Nicoll* v. *The New York, &c., Railroad Co.*, 2 Kern. 121. See, also, Burrill on Assign- ments, 2d ed., p. 70; 3 Kern. 322; 2 *id.* 622. This right of the widow, then, being equitably assignable, may be enforced, under our present code, in the name of the as- signee. For while our statute may not have enlarged the common-law right as to equitable assignments, it has in- vested the equitable assignee with the right to sue in his own name, as he might formerly in chancery. *Strong* v. *Bragg*, 7 Blackf. 62, cannot be reconciled with the view we have taken; but that case, rightly decided as one at law, was wrongly decided as a case in chancery. *Todd* v. *Beatty*, Wright's (O.) R. 460.—1 Hilliard on Real Prop., 2d ed., pp. 164, 165.

The next question arising is, whether the widow had any interest in the land in question of which to make an assignment, and if so, what? It was not land of which her husband died seized; and were the law in this state as it wisely is in *Vermont, New Hampshire, Tennessee, Geor- gia, Connecticut, Michigan,* and several other states of the *Union,* that the interest of the wife attaches only to such land (see 1 Greenl. Cruise, p. 153), the case would be as simple as the law would be just, and this Court would never have been called upon to investigate it. But such is not the statute of this state. Our statute is, that the interest attaches to all lands owned by the husband during coverture, in the conveyance of which the wife has not joined.

The land in question was owned by the husband in 1844, a point of time during the coverture, was conveyed by him in that year, and the wife did not join in the deed.

And had the law, at the death of the husband, remained the same as it was when the land was conveyed, the widow would have been entitled to a life estate in one-third of the land—being a dower estate. But the law did not remain the same. On the 6th of *May*, 1853, it was changed; dower was abolished, and the right to a fee simple substituted in place of the right to dower. And the question is whether this latter statute operated to enlarge the estate of the widow into a fee in lands conveyed by the husband while the wife had but an inchoate dower right. For, under the decision in *Noel* v. *Ewing*, 9 Ind. R. 37, the widow, in this case, has a fee-simple right or nothing. In that case it was decided that the act of 1853 was not prospective, but immediate in its operation. The writer of this, thought that decision wrong, and has not yet changed his opinion. See 9 Ind. R. 54. But it is now an authority which it is better for the public interest that this Court should follow, so far as it is an authority, than to overrule it. That case decided that inchoate rights of dower were abolished; and all the judges conceded the power of the legislature to abolish such rights, because they were not consummate. That case further decided that the statute of 1853 gave Mrs. *Ewing* a fee in lieu of dower in the real estate then the subject of controversy. It did not decide the question now before the Court. In the *Ewing* case, the husband had not conveyed the land for a consideration before the new act took effect. In the case now before the Court, he had.

Here, then, we have this case. In 1844, the husband owned the land in question. The entire fee was in him. He sold and conveyed that entire fee to the purchaser. That fee was then encumbered by the right of the wife to use one-third of the land for the period that she might outlive her husband, and nothing more. It was a mere contingency. If she deceased before her husband, then the entire fee remained in the purchaser unencumbered. Subsequently to this sale and purchase, the legislature enact that one-third of the fee so purchased, paid for, and vested in the purchaser, shall be divested out of him and vested

in the widow of the deceased grantor. And the question
is, can a law be made to thus operate? It would seem
that the proposition was too plain for argument. Such a
law takes the property of one person and vests it in ano-
ther. It divests vested rights. It impairs the obligation
of the contract of sale and purchase. It is plainly in con-
flict with the constitution, and, so far as it operates as
above stated, is void.

The plaintiff, then, cannot maintain this action upon the
dower right of the widow. That never vested. Before the
death of the husband, the event necessary to the consum-
mation of that right, the right itself was abolished by law.
The law came in the place of the death of the wife, and
determined the contingency as to the vesting of dower in
favor of the purchaser of the land.

The plaintiff cannot maintain his action upon the fee-
simple right, as it never vested. It was never, indeed, even
inchoately, created. The statute attempting to create that
estate being, so far as applicable to this case, void. Hence,
the decision below was right, and must be affirmed.

It is unnecessary, therefore, to inquire whether, if the
dower right had not been abolished, the plaintiff could, as
in actions for the recovery of real estate, while suing for a
fee simple, recover a less estate in partition.

A word here upon the statute abolishing dower. It reads:
" Tenancies by the courtesy and in dower, are hereby abol-
ished." 1 R. S. p. 250, § 16.

This section purports to abolish existing tenancies al-
ready in enjoyment. This the legislature could not do;
but it could prospectively take away the right to such es-
tates in future, where the right had not already vested.
Another section saved vested rights; and, as held in *Noel*
v. *Ewing, supra,* only those actually vested. 2 R. S. p. 431.

The statute, therefore, under the construction above
mentioned, took away inchoate rights of dower, or those
not vested, such as that existing in this case at the pas-
sage of the statute.

*Per Curiam.*—The judgment is affirmed with costs.

*B. F. Claypool,* for the appellant.