## Harrow *v.* Myers and Others.

STARE DECISIS.—RULES OF PROPERTY.—The ruling in *Strong* v. *Clem,* 12 Ind. 37, was followed, upon the ground that rules of property, established by repeated decisions of the court of last resort, and upon the faith of which the people have long acted, should not be changed.

APPEAL from the *Montgomery* Circuit Court.

FRAZER, J.—The only question in this case arises upon the action of the court below in sustaining a demurrer to the complaint. That question is not new in this court. It was decided against the appellant in *Strong* v. *Clem,* 12 Ind. 37, and that ruling has been followed in *Logan* v. *Walton, id.* 639; *Giles* v. *Gullion,* 13 *id.* 487; *Frantz* v. *Harrow, id.* 507; *Strong* v. *Dennis, id.* 514; *Giles* v. *Law,* 14 *id.* 16. We are asked to reconsider the question thus decided, and to overrule these cases.

The question at the threshold is, whether a rule of property thus repeatedly declared by the court of last resort, after earnest contest, and, it must be supposed, upon the most careful deliberation, should be deemed open to further controversy. The repose of titles is important to the public. Upon the faith of these decisions our people have, for a considerable period of years, invested their money in real estate, the titles to which they were thus again and again assured were not liable to be disturbed. There must be a just basis of confidence in the stability of judicial decision somewhere in the history of a controverted legal question, when it may be confidently relied on that the question is settled. It is not always that the courts may freely inquire, in determining a case before them, what is the law? Sometimes investigation should stop when it is ascertained what has been decided upon the subject. We think that the doctrine of *stare decisis* should be applied to the question now presented. Such is its relation to the interests of our people, among whom real estate is so much an article of traffic, that it is not possible to estimate the extent of the evil which would follow a decision of this court now, overruling *Strong* v. *Clem* and the cases which followed it. If the doctrine of those cases be admitted to be wrong, it is yet quite obvious that it has already accomplished most of the harm that ever can result from it, while a change now would sow a wide crop of serious evils to the injury of those who are innocent, and who have purchased and sold real estate upon the faith of a doctrine declared by this court no less than half a dozen times within the last ten years.

The judgment is affirmed, with costs.

GREGORY, C. J., dissented.

*S. B. Gookins, A. Thomson* and *B. T. Ristine,* for appellant.
*J. M. Butler* and *M. D. White,* for appellees.