TAYLOR *v.* SAMPLE ET AL.

WIDOW. — *Sheriff's Sale.— Descent.— Statute.* — Where land owned in fee simple by a husband was sold under an execution against him, in 1840, by the sheriff, the purchaser took the property subject to the wife's inchoate dower, which was abolished by the statute of descents of 1852; and, as the legislature could not impair the vested right of the purchaser, it could not, and did not in such a case, substitute an estate in fee for such dower; and therefore upon the death of such husband, after the taking effect of said statute of descents, the widow had no interest in such land.

SAME.—*Sheriff's Sale.—Failure to Offer in Parcels.*—The facts (alleged in a complaint by the widow) that the land, in such case, consisted of several separate and distinct parcels, and the sheriff, as returned by him, sold it as a whole, without offering it in separate parcels, did not entitle her to redeem the land or render the sale void.

From the Tippecanoe Circuit Court.

*Jones & Miller* and *Huff, Nichol & Buell*, for appellant.

*H. W. Chase, J. A. Wilstach* and *F. T. Chase*, for appellees.

BIDDLE, C. J.—Suit to partition lands, and for an account of rents and profits. Complaint in two paragraphs. In the first, the appellant alleges, that on the 24th day of July, 1837, Samuel Taylor became the owner in fee simple of the undivided one-half of lot number five, in the original plat of Lafayette; that on the 10th day of March, 1840, William Skinner, sheriff of Tippecanoe county, undertook and pretended to sell the interest of said Samuel Taylor in said property, to satisfy three several executions in his hands against said Samuel Taylor; and that the defendants pretend to hold the undivided half of said lot by virtue of said

sale; that the appellant was, at the time said property was acquired by Samuel Taylor, the wife of said Samuel, by a first marriage, and that she remained his wife until his death, which occurred on the 14th day of December, 1864; that said Samuel left the appellant surviving him as his widow; that she never joined her said husband in the conveyance in any manner; and that the same was not sold on any judgment or claim against her; that she is entitled to one-third in fee of said Samuel's interest in said lot, and to one-sixth of the rents and profits of the whole of said lot since the death of said Samuel Taylor, which is of the reasonable value of five thousand dollars; that the appellees have been in possession of the said premises since, etc., and have received the rents and profits therefor; wherefore she demands a partition of said undivided half and judgment for rents and profits.

We cannot perceive that the second paragraph differs from the first in anything, except that it contains an averment that the "sale by said sheriff, as returned by him, is null and void, he having sold the same, being several separate and distinct parcels of land, as a whole, without offering it in separate parcels;" demanding the right to redeem said premises, and that the sheriff's sale be declared void.

A separate demurrer to each paragraph was filed to the complaint, alleging an insufficiency of facts, both of which were sustained, exceptions taken, and judgment for appellees rendered on demurrer.

The question raised in this record, whether a widow had any right in her husband's lands, held in fee simple, which he had conveyed alone, or which had been sold at sheriff's sale, during coverture, and if any, what, when first presented to this court under the present law of descent, was one of acknowledged difficulty. It was first fully met, we believe, in *Strong* v. *Clem*, 12 Ind. 37, and there decided adversely to the widow's claim. This decision has been frequently referred to, fully discussed, and thoroughly examined from that time to the present, especially in *May* v.

*Fletcher*, 40 Ind. 575, and in the still later case of *Bowen* v. *Preston*, 48 Ind. 367, but has never been overruled, modified, or in any way changed. The rule laid down in that case must, therefore, be held to be the law of this State. The student will find the authorities collected in the case of *Bowen* v. *Preston*, *supra*. It is not necessary to cite them here.

The wisdom of this rule has been doubted by learned judges and able jurists; but the writer of this opinion, speaking for himself only, was never able to perceive how any better, or indeed any other, interpretation could have been given to our present statute of descents. The legislature presented the dilemma to the courts, either to abrogate the inchoate right of dower on one side, or impair the validity of vested rights in the property on the other. It is clear that the legislature had the power to abolish inchoate dower, and just as clear that it had not the power to impair a vested right.

The purchaser at sheriff's sale took the property subject only to inchoate dower; it was not competent for the legislature afterwards to change the incumbrance into a fee simple.

The courts, then, had no choice; it was their duty to uphold the legislature in what it had constitutionally done, and not to so interpret its acts as to make it do what could not constitutionally be done. And the right of inchoate dower must necessarily pass away with the generation in existence at the time the law of descent was changed, while vested rights must be preserved as long as constitutional government is respected.

To apply these principles to the case before us: The appellant could not receive as a dowress, because no such right existed at the time of her husband's death. She could not inherit under section 17 of the law of descent, because her husband was not seized of the property at the time of his death. She could not take under section 27, because her

husband never had been seized at any time after the law of descent went into force. 1 G. & H. 294, 296.

The additional averments in the second paragraph of the complaint do not make a case entitling the appellant to redeem the land by paying the judgment, nor to set aside the sheriff's sale.

The judgment below is affirmed, with costs.