## COLMAN *v.* DEWOLF.

DESCENT.—*Widow.*—*Effect of Statute of 1852 as to Land of Husband Theretofore Conveyed by Him Alone.*—Where a husband conveyed land which he owned in fee simple, his wife not joining in the conveyance, before the taking effect of the statute of 1852, which abolished dower and gave a surviving wife an interest in fee in real estate so owned and conveyed, and said husband died after the taking effect of said statute, leaving his said wife surviving him, she was not entitled to any interest in said land.

From the Knox Circuit Court.

*Cauthorn & Boyle,* for appellant.

*C. M. Allen, G. G. Reily,* —— *Johnson* and *DeWolf & Chambers,* for appellee.

WORDEN C. J.— This was an action by the appellant against the appellee for the partition of certain real estate in Knox county, the plaintiff claiming one-third thereof. Issue, trial by the court, finding and judgment for the defendant.

The facts in the case were agreed upon, and are, in brief, as follows:

On May 12th, 1852, Jeremiah L. Colman, then the husband of the plaintiff, was the owner of the land in fee, and on that day he conveyed the same to William Burtch, who, on December 22d, 1869, conveyed the same to the defendant. The plaintiff did not join her husband in the deed to Burtch, and her husband lived until January, 1869, when he died. The plaintiff has done no act which deprives her of whatever interest the law gives her in the land in controversy.

At the time of the conveyance of the property by the husband of the plaintiff, May 12th, 1852, she had an inchoate right of dower in the premises. But the Revised Statutes of 1852, which took effect May 6th, 1853, expressly abolished dower, but gave the surviving wife, with an exception and a proviso not necessary to be here noticed, one-third in fee of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, in the conveyance of which she may not have joined, in due form of law; and also of all lands in which her husband had an equitable interest at the time of his death. 1 Rev. Stat. 1876, p. 411, sec. 16; p. 413, sec. 27.

The plaintiff in this case was not entitled to dower in the premises, because, while her dower remained inchoate, the legislature abolished dower. She was not entitled to one-third in fee, because, when the statutes of 1852 took effect, the title had passed from her husband. It was within the power of the legislature to abolish inchoate rights of dower,

but not within its power to divest the rights of purchasers, who had, before the taking effect of the act, taken conveyances subject only to inchoate rights of dower, by giving to the surviving wife one-third of the land in fee. The plaintiff, therefore, was not entitled to any interest in the premises.

These propositions are established by numerous cases in this court, from *Noel* v. *Ewing*, 9 Ind. 37, down to *Taylor* v. *Sample*, 51 Ind. 423. Many of the cases are collected in *Bowen* v. *Preston*, 48 Ind. 367. We are referred to the case of *Moore* v. *Kent*, 37 Iowa, 20, which, upon a casual examination, might seem to conflict with some of our decisions; but upon an examination, we do not think it does. The court in that case note an important distinction between our statute and theirs. While our statute abolishes dower, theirs does not.

The judgment below is affirmed, with costs.