Carr v. Brady.

---

## CARR v. BRADY.

DOWER.—*Lands Sold on Execution Prior to May 14th,* 1852.—*Rights of Widow in.*—Tenancies by the courtesy and in dower were abolished by section 16 of the act of May 14th, 1852, "regulating descents," etc., 1 R. S. 1876, p. 408 ; and therefore the widow of one dying subsequent to the taking effect of that act has no right of dower in real estate belonging to, and sold on execution against, him prior to its taking effect and during the existence of the marriage relation.

From the Marion Superior Court.

*H. W. Harrington,* for appellant.

Worden, J.—Complaint by the appellant, against the appellee, for the assignment of dower.

Demurrer to the complaint, for want of sufficient facts, sustained. Exception, and judgment for the defendant.

Judgment affirmed, on appeal to general term.

The facts alleged in the complaint are, briefly stated, that the appellant is the widow of Patrick Carr, to whom she was married in the year 1846, and who died in the year 1875. In the year 1849, her deceased husband was seized in fee of certain land described, situate in Marion county; and, in the year 1851, the land was sold on an execution against him, whereby his title was divested, and became vested in the purchaser, Henry Brady. Since the death of her husband the plaintiff has demanded an assignment of dower, which has been refused.

The act of May 14th, 1852, abolished tenancies by the courtesy and in dower. 1 R. S. 1876, p. 411, sec. 16.

As the plaintiff's right to dower in the land was but an inchoate right at the time of the taking effect of the act above cited, and had not become consummate by the death of her husband, it was in the power of the Legislature to take it away altogether .

This the Legislature did; and the plaintiff, on the facts stated, is not entitled to dower in the premises. The cases establishing this proposition are numerous, and no attempt will be made to collect them all here.

The first exactly in point, we believe, is that of *Strong* v. *Clem,* 12 Ind. 37; and the last to which our attention has been called is that of *Taylor* v. *Sample,* 51 Ind. 423.

Many of the previous cases are collected in *Bowen* v. *Preston,* 48 Ind. 367.

We are asked to overrule these decisions, and to hold that it was not in the power of the Legislature to abolish an inchoate right of dower. We shall enter upon no dis-

cussion of the question as an open one. The proposition established by the decisions referred to has long since become a rule of property, which ought not, by any judicial action, to be disturbed. See observations on this point, in *Harrow* v. *Myers*, 29 Ind. 469, and in *Bowen* v. *Preston*, *supra*.

We do not wish to be understood, by any thing herein said, as questioning or doubting the correctness of the ruling in *Strong* v. *Clem*, *supra*, and the cases following it.

The judgment below is affirmed, with costs.