Garner, &c., v. Wills, &c.

CASE 73—PETITION EQUITY—DECEMBER 15.

# Garner, &c., v. Wills, &c.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

1. IN PLEADING A JUDGMENT OF COURT it is not necessary to state the facts conferring jurisdiction; it is sufficient to state that the judgment was duly given or made. (Civil Code, sec. 122.) And this statutory rule applies to all judgments of superior courts, whether the facts necessary to give jurisdiction are special or general. Therefore, where one relies upon or claims under a judgment conferring upon a married woman the powers of a *feme sole*, it is not necessary for him to allege publication of the notice required to give jurisdiction in such proceedings; and, where the judgment is not filed with the plea, or, if filed, is silent as to notice, the court will presume that notice was published as required by the statute.

2. POWER OF FEME SOLE TO MAKE WILL.—Where a married woman disposes of her land by will under a judgment of court conferring upon her the powers of an unmarried woman, the husband is deprived of his right of curtesy and his creditors can not complain.

3. DEVISE TO ONE PERSON FOR SUPPORT OF ANOTHER—RIGHTS OF CREDITORS.—Where a devisee is directed by the will to give to another "each year a sum sufficient to support him in a comfortable manner," the will providing that if the devisee shall fail to perform this duty the devise to him shall become void, the person directed to be supported takes no estate under the will, and there is nothing that can be subjected to the payment of his debts unless he receives what is directed to be paid to him and puts it together as an estate.

GEO. B. NELSON FOR APPELLANTS.

1. Where a married woman claims the rights of a *feme sole* it must affirmatively appear from the pleadings setting up the right that the court had jurisdiction to grant it. (Jacob's Adm'r v. L. & N. R. R. Co., 10 Bush, 269.)

2. The decree of a court of equity conferring upon a married woman the right to dispose of her estate by will or deed does not defeat the husband's right of curtesy.

HAGGARD & BENTON, JOHN B. FRENCH, JAMES FLANIGAN, LEELAND HATHAWAY OF COUNSEL ON SAME SIDE.

W. M. BECKNER FOR APPELLEES.

1. In asserting the right of a married woman to act as a *feme sole* under decree of court it is not necessary to allege the facts conferring juris-

Garner, &c., v. Wills, &c.

diction to grant the decree. (Civil Code, sec. 122; Laidley v. Cummings, 83 Ky., 606; Gebbard, &c., v. Garnier, 12 Bush, 324.)

2. A decree making a married woman a *feme sole* carries with it any power that an unmarried woman would have as to her property, and it is not necessary that the decree specify the powers. (Hart v. Grigsby, 14 Bush, 542; Newman on Pleading and Practice, 586; Sypert v. Harrison, 88 Ky., 465; Bowling v. Winslow, 5 B. M., 31; Hitz v. Metropolitan Nat. Bank, 111 U. S., 731.)

3. When the terms of a will provide for the support of one and grants no legal or equitable estate that the beneficiary could dispose of it can not be subjected to his debts. (Pope's Ex'rs v. Elliott, 8 B. M., 56; Samuel, &c., v. Ellis, 12 B. M., 479.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants sued the appellee, B. W. Wills, on some promissory notes executed by him to them and sought to subject his curtesy in his deceased wife's lands to the payment of said indebtedness, and in case that could not be done they sought to subject to the payment of said indebtedness the sum of money which, as they allege, his said wife had bequeathed her two children, her devisees under her will, to pay him annually for a support. Said two children, G. L. Wills and Mattie J. Azbell, by their petition, were made defendants to said action, and their petition was made an answer thereto and by which they put in issue the allegations that B. W. Wills owned a life estate in his deceased wife's land, alleging that she was empowered to act as a *feme sole* and to dispose of her entire estate by will, which she did dispose of by will to said children to the exclusion of her husband, B. W. Wills, and willed that said children should support, clothe and furnish him a home during his life in lieu of any interest in her estate. The specific allegations relative to Mrs. Wills being empowered to act as a *feme sole* and to dispose of her property by will are to be found in the rejoinder and are as follows: "Say that the plaintiffs

herein were by their petition parties to the proceedings which granted to their testatrix, Sallie H. Wills, the powers of a *feme sole*. They say that by said judgment the said testatrix was empowered to use, enjoy, sell and convey, for her own benefit, any property she may own or acquire free from the debts or claims of her husband, and to make contracts, sue and be sued as a single woman and to trade in her own name and to dispose of her property by will."

By section 6 of article 2, chapter 52, of the General Statutes, it is provided that on the petition of husband and wife, or on the petition of the wife, the husband being made a party thereto, the circuit court of the county of the wife's residence may, on satisfactory evidence, empower the wife to act as *feme sole*, and, among other powers conferred upon her, may empower her to dispose of her property by deed or will. The seventh section of said article provides that the court shall have no jurisdiction to render such judgment until notice of the filing of the petition shall be published at least ten days, &c.

The power conferred upon Mrs. Wills by that judgment, if a valid judgment, had the effect to remove the disability of coverture in respect to disposing of her real estate by will and to deprive her husband of any interest therein that the law would have otherwise given him at her death, had she not disposed of the same by will. But it is said such power should not be so construed as to deprive the husband of his right to curtesy in his wife's land so far, at least, as creditors are concerned, as that would be a fraud upon them. But why would the exercise of such power be any more a fraud upon them than the sale or gift of the land by the husband and wife? If the wife

had conveyed her land by deed of gift to her children, the husband joining in the deed, his creditors, after her death, could not complain, because he had at the time of the conveyance no interest in the land that was subject to their demands against him; his right to curtesy, even if there were issue born alive, would depend upon the contingency of his wife dying first or said estate being disposed of in her life-time. His right to curtesy does not attach upon marriage like the wife's inchoate right to dower attaches upon marriage, which right she can not be deprived of without her consent exercised in a certain way; but the husband's right to curtesy is entirely contingent upon having issue born alive and his wife's death preceding his, the owner of the land; and, as said, if he and his wife sell said land his creditors can not complain of being defrauded by the sale; and so the court empowers her to dispose of her land, which includes his contingent right of curtesy, by her will. We perceive no difference in the effect upon creditors in the two cases.

But it is said that as the court had no "jurisdiction to render such judgment" until the notice required by the seventh section of said chapter was given, and as it is not alleged that such notice was given, it is not shown that Mrs. Wills had the power to make the will, and that B. W. Wills was not deprived of curtesy in the land unless it affirmatively appeared that the court had jurisdiction to render said judgment.

The rejoinder is silent on the subject of notice and the judgment referred to is not in the record. So the question is, should it be presumed, in this collateral proceeding, that said notice was given? It is said not, because it required a special notice to be given in order to give the

jurisdiction, and it should, therefore, be alleged in even a collateral proceeding, and if the proceeding is silent upon the subject, notice is not to be presumed. It is undoubtedly the general rule that in all collateral proceedings involving rights acquired by the judgment of a superior court (and circuit courts are of that kind) the jurisdiction of the court, when the judgment of such court or the proceeding to enforce the judgment is silent upon the subject of jurisdiction, is to be presumed. And where a particular thing is required to be done in order to give the court jurisdiction we see no reason why the same presumption should not be indulged in.

Section 122, Civil Code, makes no distinction. Its language is broad and comprehensive and to the effect that it is not necessary in pleading a judgment of a court, etc., to state the facts conferring jurisdiction, but it shall be sufficient to state that the judgment was duly given, etc. The language of the Code comprehends all judgments of superior courts whether the facts necessary to give such courts jurisdiction are special or general. It is presumed that the codifiers had in view the general rule upon this subject, and their language conforms to that rule, which is, that the presumption ought to be indulged in as a matter of necessity in all cases of superior courts even though the existence of special facts are necessary to give the court jurisdiction.

Take the case of the circuit courts of the United States, whose jurisdiction is for the greater part confined to cases where the plaintiff or defendant is an alien or a citizen of another State, and unless that jurisdictional fact appears in the judgments of these courts they might be reversed by the court above; but it would not be con-

tended that the silence of the judgment as to such juris-
dictional fact would in a collateral proceeding authorize
the court to treat such judgment as void, nor would the
silence of the proceeding upon such jurisdictional fact be
deemed defective.    The same presumption should be in-
dulged in such case as if such special fact was not re-
quired.    (See Smith's Leading Cases, vol. 1, part 2, 8th
ed., p. 113.)    And in the same line is the case of Hart
v. Grigsby, 14 Bush, 549, wherein it is said in substance
that the publication of the notice in the manner and for
the time required by the section *supra*, was a prerequisite
of jurisdiction, and as the matter of notice was set up in
the judgment, the court would determine the question of
its sufficiency in a collateral proceeding.    But if the judg-
ment was silent as to the jurisdictional facts the aid of
the presumption in its favor in a collateral proceeding
would be invoked.

The next question is, should the devisees be compelled
to pay the appellants a sum equivalent to the annual sup-
port of B. W. Wills, which support the will directs them
to furnish him and which has not become an estate in his
own right?    The will upon that subject provides as fol-
lows:    *   *   *   " It is my desire that he (B. W. Wills)
shall not receive any life estate in my lands or interest
in my personal property, and in lieu of said curtesy and
personal estate I desire that my said children give to my
said husband each year a sum sufficient to support him in
a comfortable manner and furnish to him a comfortable
home and maintenance until his death, and should either
of my said children at any time refuse to so support and
maintain my said husband then this will and its devises
to become void and the property herein devised be dis-

tributed according to the statutes of distribution." It is to be observed that no estate in trust or otherwise is willed to B. W. Wills. The expression, "a sum sufficient to support him," etc., taken in connection with the subsequent clauses, was evidently intended to measure the duty imposed upon the devisees, and not to give him an estate in said sum, for the subsequent clause is mandatory upon them to furnish him a comfortable home and maintenance during his life, which includes everything, and upon their failure to support and maintain him the will is to be void, etc. It will be seen that no estate whatever is given to him, but it is all given absolutely to the devisees, except by their failure to support and maintain their father during his life the will is to be void and the estate distributed according to the statutes of distribution. Said provision is on all fours with the case of Pope's Executors v. Elliott, 8 B. M., 56. If any difference this provision is more favorable to the devisees than that; because in that case a specific sum was directed to be held and appropriated by the executor for the support of the young men, and it was held that as nothing was willed to them the support provided for could not be subjected to their debts; but here the property is willed absolutely to the children, and they are only required to contribute out of their own means to the support of their father. Suppose they had entered voluntarily into an obligation to support him during life, could the benefit secured by that obligation be subjected to his debts? We think not, unless the fruit of the obligation was shaped into an estate in him, then in that case it could be subjected to his debts. So, here the obligation to support him was, as far as he is concerned, voluntary; the

consideration for that obligation moving from one who was under no obligation to support him, and the donation made is not an estate that may be subjected to his debts unless he receives it and puts it together as an estate. To further illustrate, suppose he declined to receive a support from the devisees and supported himself, would a sum equivalent to such support be regarded as a trust fund for his benefit? We think not, because the obligation to support him is entirely personal, and if he refuses to accept it as needed it belongs to the devisees.

The judgment is affirmed.