## WAGNER v. CARSKADON ET AL.

[No. 3,872. Filed May .28, 1901. Rehearing denied November 21,
1901. Transfer denied April 2, 1902.]

PARTITION.—*Sale of Husband's Interest Without Making Wife a Party.*—
A wife, not a party to partition of real estate in which her hus-
band has an interest, and who survives him, retains no interest,
where his interest is sold in such partition proceedings. *p. 575.*

APPELLATE COURT.—*Jurisdiction.*—*Transfer of Causes.*—Under the act
of March 12, 1901 (Acts 1901, p. 565), the Appellate Court must
follow a decision of the Supreme Court, unless of the opinion that
it is erroneous, in which event the cause must be transferred to
the Supreme Court *p. 576.*

SAME.—*Transfer of Causes from Supreme to Appellate Court.*—Section
1362 Burns 1901, providing that the transfer of a cause from the
Supreme Court to the Appellate Court is final, is not repealed by
the act of March 12, 1901, fixing the jurisdiction of the two courts.
*p. 577.*

SAME.—*Transfer of Causes.*—*Binding Effect of Supreme Court Decision.*—
In transferring a cause to the Appellate Court, the decision of the
Supreme Court is binding on the parties, and cannot be collater-
ally attacked. *p. 578.*

From Marion Superior Court; *Vinson Carter*, Judge.

Suit by Mary J. Wagner against Rebecca S. Carskadon
and others for partition of real estate. From a decree
for defendants, plaintiff appeals. *Affirmed.*

*T. E. Johnson*, for appellant.

*A. C. Ayres, A. Q. Jones, J. E. Hollett* and *C. B. Hen-
dricks*, for appellees.

WILEY, J.—Appellant became the wife of Peter Wagner
November 22, 1855. At that time Peter Wagner was
owner, with others, as tenants in common, of certain real
estate in Marion county, Indiana. May 16, 1856, Peter
Wagner and others brought their action in the common
pleas court, in said county, against one George Wagner for
partition of the real estate of which they were tenants in
common. In said partition proceeding it was determined
by the court that said real estate was not susceptible of

being partitioned, and the court entered a decree directing that it be sold. It was duly appraised, a commissioner appointed to make the sale, and it was advertised and sold in conformity with the order of the court to one William Smith. The commissioner reported to the court the sale, which was approved, and a deed was executed to the purchaser, approved by the court, and was duly recorded. The fund derived from the sale was paid over to the parties in interest according to their respective shares. It was found that said Peter Wagner was the owner and seized in fee simple of the undivided one-twentieth part of said real estate. One William Hannamon, by and through several *mesne* conveyances, became the owner of the tract of land so sold in said partition proceedings. Said Hannamon made and platted said tract into lots, which said plat is known as "William Hannamon's south addition to the city of Indianapolis," which said plat was duly recorded. Said plat consisted of forty-five lots, numbered from one to forty-five respectively. By and through *mesne* conveyances, appellees became the owners of lot fifteen, in said addition, which lot is the same described in appellant's complaint. That, after appellant's marriage to said Peter, they lived together as husband and wife until May 11, 1887, when he died; that said Peter left an estate of less than $5,000 in value. In said partition proceeding, appellant was not in any manner made a party, and she did not know of said partition proceeding until after said Peter's death. In her petition for partition appellant avers that she is the owner in fee simple of the undivided one-third of one-twentieth of said lot number fifteen, and asks that she have partition and that she have her title quieted, etc. These facts are averred in the complaint. The case was put at issue by an answer in denial, tried by the court, and upon proper request the court made a special finding of facts and stated its conclusions of law thereon. As a conclusion of law, the court stated that appellant was not entitled to have partition. The exception to

the conclusion of law presents the only question for decision.

This is a companion case to that of *Haggerty* v. *Wagner*, 148 Ind. 625, 39 L. R. A. 384. The appellee there is the same person as the appellant here. The two cases are bottomed upon the same chain of facts. Tersely and plainly stated, the question before us for decision is this: If a wife is not made a party to a proceeding in partition of real estate in which her husband had an interest, and she survives him, and such interest of the husband is devested by judicial sale in such proceedings, does she retain any interest or title therein?

This inquiry has been answered in the negative by the Supreme Court in the case of *Haggerty* v. *Wagner, supra.* True, the decision in that case was by a divided court, but it settled the law adversely to appellant upon the identical facts here presented, and upon the authority of that case, the judgment is affirmed.

Roby, J. Concurring.—The decision in *Haggerty* v. *Wagner*, 148 Ind. 625, 39 L. R. A. 384, enables a spendthrift who inherits an interest in real estate to dissipate it and exclude his wife and children from any share therein. In one case which came under the observation of the writer, a husband in strict accordance with the terms of the decision conveyed part of his land without the knowledge and against the wish of the wife who had helped pay for it. Section 2652 Burns 1901 has not been repealed by the legislature and makes a provision for the wife such as enlightened society universally approves.

This court has no power to overrule the case and is bound by it, but I do not wish to be understood as assenting to the reason of a holding which if not revoked furnishes material for legislative action.

## ON PETITION FOR REHEARING.

WILEY, P. J.—Appellant has filed a petition for a rehearing, and bases such petition upon three grounds: (1) That the appeal involves the necessity of overruling a decision of the Supreme Court in the case of *Haggerty* v. *Wagner*, 148 Ind. 625; (2) the constitutionality of §§2652, 2660, Burns 1901, is involved; (3) "Lastly, in the case under consideration, there is clearly presented by the reply brief both the federal and State constitutionalities and conflicts of the opinion of judge McCabe with the provisions of §2652 Burns 1901, §2491 R. S. 1881, and with the State and federal constitutions." We have quoted literally the last reason assigned in the petition for a rehearing.

In his original and reply briefs, counsel for appellant vigorously attacks the decision in the case of *Haggerty* v. *Wagner*, *supra*, urges that the case was erroneously decided, and insists that it ought to be overruled. This court is bound by the law as there declared, and our decision must conform to it, unless we are of the opinion that the law was wrongly declared, in which event, our way is made plain by the statute.

This case was decided after the act of 1901 went into erfect, and §10, subd. 1, of that act provides that, "If in any case, two of the judges of either division are of the opinion that a ruling precedent of the Supreme Court is erroneous, the case, with a written statement of the reasons for such opinion, shall be transferred to the Supreme Court." From the fact that we did not transfer the case to the Supreme Court, the conclusion is irresistible that two of the judges were not of the opinion that the ruling precedent of the latter court, as declared in the Haggerty case, was erroneous. This disposes of the first reason assigned in the petition for a rehearing.

If we concede that the third reason assigned for a rehearing, which we have quoted in full above, presents any

question, it may be considered with the second, for it relates to the same subject-matter, and may be considered under the single proposition: Was the constitutionality of any statute involved, and was such question properly presented? It is claimed by counsel that the question was raised and properly presented by the reply brief. No claim is made that it was raised by the original brief.

It is proper to state that this case was appealed to the Supreme Court, which court alone had jurisdiction of the subject-matter involved prior to the act of March 12, 1901. By that act jurisdiction was conferred upon this court in all actions wherein the title to real estate is involved. Upon the taking effect of that act, it became the duty of the Supreme Court to transfer to this court all cases there pending, which would have been primarily appealable to the Appellate Court.

When the case under consideration was transferred to this court, the reply brief was on file, and came here with the record. By §1362 Burns 1901, the transfer of a cause from one court to the other court is made final, and that section was not repealed by the act of March 12, 1901. It was held in the case of *Griffee* v. *Town of Summitville*, 10 Ind. App. 332, that the transfer of a cause by the order of the Supreme Court determines the question of jurisdiction. This is necessarily true. Until the Appellate Court was created, and certain jurisdiction conferred upon it, all appellate jurisdiction was in the Supreme Court. Primarily all appellate jurisdiction is still in that court, and the Appellate Court has only such jurisdiction as is expressly conferred upon it by statute. When this cause was transferred to this court, we must presume that the Supreme Court considered the questions presented by the record, and discussed by counsel, and reached the conclusion that no constitutional question was raised and duly presented. In other words, the transfer being final, we must hold that the Supreme Court, in making the transfer, conclusively deter-

mined that "the constitutionality of a statute, state or federal, or the proper construction of a statute," were not in question, and that such question was not duly presented. The decision of the Supreme Court in transferring the case to this court is binding upon the parties and can not be attacked collaterally. This being true, the duty of this court was plain, and that duty led us to an affirmance of the judgment below, in harmony with a "ruling precedent" of the Supreme Court.

This court has a right to assume that when the Supreme Court sends a case here by transfer, it thereby determines that no question was involved that would deprive us of jurisdiction.

This disposes of every question raised by the petition for a rehearing, and it is overruled.