## TURNER *v.* HEINBERG ET AL.

[No. 4,240. Filed November 20, 1902. Rehearing denied February 4, 1903. Transfer denied March 17, 1903.]

HUSBAND AND WIFE.—*Interest of Husband in Wife's Real Estate.— Sheriff Sale During Lifetime of Wife.—Redemption by Husband.*—There being no statute vesting in the surviving husband any interest in land of which the wife may have been seized during coverture, but of which she is disseized at her death, and in the conveyance of which he did not join, the husband can not maintain a suit after the death of the wife to redeem her lands sold on a decree enforcing a lien for a' ditch assessment.

From Porter Circuit Court; *J. H. Gillett*, Judge.

Suit by Benjamin F. Turner against Frederic Heinberg and others to redeem real estate sold on a circuit court decree enforcing a lien of a ditch assessment. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*P. O. Colliver* and *H. H. Mathias*, for appellant.

*W. E. Pinney*, for appellees.

ROBINSON, J.—Suit by appellant to redeem certain land sold on a circuit court decree enforcing the lien of a ditch assessment. This case was transferred from the Supreme Court under the act of March 12, 1901.

The first paragraph of the complaint avers that in June, 1886, Nancy Turner, with others named, owned the land in fee as tenants in common, having become such owners by deed of conveyance in June, 1877, and entered into possession. Prior to June, 1886, a ditch assessment was made against the land. Afterwards proceedings were begun in the Porter Circuit Court resulting in a decree fore-

closing the lien and ordering the sale of the land by the sheriff. Afterwards, in December, 1886, the sheriff sold the land to one Morrison, and on the 27th day of December, 1887, executed to him a deed and on the 1st day of March, 1888, Morrison and wife conveyed it to appellee Heinberg. Appellant and Nancy Turner were married in 1878, and continued to live together as husband and wife until 1898, when Nancy Turner died, intestate, leaving appellant as her only heir. It is further averred that no notice was given appellant whatever for the assessment of the lien in the ditch proceedings, and that no notice was given him, and that he was not a party to the proceedings instituted for the foreclosure of the lien, and that he had no notice thereof; that since the 1st day of March, 1888, appellee Heinberg has occupied the land, and received the rents and profits therefrom, which were of the aggregate value of $1,500, and that during such occupancy Heinberg paid taxes and assessments to the amount of $100, and that such rents and profits received by Heinberg exceeded the amount for which the lands were sold by the sheriff, and all taxes paid thereon by him; that the exact amount that is now due appellee on account of the sheriff's sale and the taxes paid, after deducting the value of the rents and profits therefrom, is to appellant unknown, and can not by him be ascertained, and that he is ready and willing and offers to pay the same when the true amount thereof may be ascertained. The complaint prays for an accounting and that the amount due Heinberg may be ascertained, and that appellant be allowed to pay the same into court, and permitted to redeem from such sheriff's sale. The second paragraph of the complaint is substantially the same as the first paragraph, and presents the same question. A demurrer was sustained to the complaint, and this ruling is assigned as error.

The wife did not die seized of the real estate, or any part of it, her title having been previously devested by the

sheriff's sale. As the wife did not die seized, appellant could take no interest in the land by descent. And there is no statute giving a surviving husband an interest in lands of which the wife was seized during marriage, and in the conveyance of which the husband did not join, nor is there any statute vesting in the husband an interest in the wife's lands sold on judicial sale, corresponding to §§2652, 2669 Burns 1901, in behalf of the wife. So that, as stated by appellant's counsel, unless appellant, by virtue of the marriage alone, was invested with some interest in the land, he would have none, and there would be nothing upon which to base a right to redeem.

A person can only redeem from a sale of lands where he has some interest to protect and where he would suffer damage without such redemption. The right does not grow out of the fact simply that he is a lien holder. Thus a senior lien holder can not redeem from the junior, because it would not protect any interest he has. *Buser* v. *Shepard,* 107 Ind. 417; *Dawson* v. *Overmyer,* 141 Ind. 438; *Vaughan* v. *Dowden,* 126 Ind. 406.

An estate by curtesy is a life estate in a surviving husband in the estate of inheritance, legal or equitable, of which the wife was seized during the coverture, provided they have had issue born alive which issue might have inherited the estate as the wife's heir. 1 Coke's Institutes, by Thomas, *556, *561, *577; 2 Blackstone Comm., 126; 4 Kent, Comm., 28; 2 Minor's Institutes (2d ed.), 103; 1 Washburn, Real Property (4th ed.), 162, *128.

The husband's right to curtesy at the common law was contingent upon there being issue of the marriage born alive capable of inheriting the mother's estate, and as he had no estate by curtesy at the wife's death unless such issue had been born, he could have had no interest prior to the birth of such issue; that is, the husband's interest or estate by curtesy in the lands of his wife did not, like the wife's inchoate right to dower, attach upon marriage. *Gan-*

*ver* v. *Wills,* 92 Ky. 386, 17 S. W. 1023. There might have been marriage, seizin of the wife, and death of the wife, but in the absence of the fourth necessary requisite,—birth of issue capable of inheriting,—the surviving husband took no interest. So that the husband was invested with no interest by virtue of the marriage alone. Until the birth of issue he had no estate that the law recognized, but upon the birth of issue he began to have an interest in the land, and was called tenant by the curtesy initiate. He might then, by the feudal law, do homage alone; and, among other acts, make a feoffment in fee, or a lease for his life. 2 Blackstone, Comm., 126; 1 Coke's Institutes, by Thomas, *558; 2 Minor's Institutes (2d ed.), 117. And such an estate is sufficient to recover upon in ejectment. *Billings* v. *Baker,* 28 Barb. 343, 367. And this estate by the curtesy initiate might be taken on execution for the husband's debts. 1 Washburn, Real Property (4th ed.), 181, *141; *Mattocks* v. *Stearns,* 9 Vt. 326; *Burd* v. *Dansdale,* 2 Binn. 80; *Roberts* v. *Whiting,* 16 Mass. 186. This estate by curtesy initiate became an estate by curtesy consummate upon the wife's death, and was a freehold estate for the term of the natural life of the husband. It was said to be in many respects but a continuance of the estate of the wife, though regarded more in the nature of an estate by descent than purchase. 1 Washburn, Real Property (4th ed.), 173, *135; *Watson* v. *Watson,* 13 Conn. 83. See *Hampton* v. *Cook,* 64 Ark. 353, 42 S. W. 535, 62 Am. St. 194.

Unlike curtesy, the wife's dower resulted from the marriage relation. Upon marriage and seizin, dower was said to be inchoate; upon the death of the husband, consummate. And while inchoate "it is a mere claim,—a contingent expectancy." *Noel* v. *Ewing,* 9 Ind. 37; *Bishop* v. *Boyle,* 9 Ind. 169, 68 Am. Dec. 615; *Butler* v. *Fitzgerald,* 43 Neb. 192, 61 N. W. 640, 27 L. R. A. 252, 47 Am. St. 741. See *Haggerty* v. *Wagner,* 148 Ind. 625, 39 L. R. A. 384; *Wag-*

*ner* v. *Carskadon,* 28 Ind. App. 573.  And when the husband became tenant by the curtesy initiate he had such an interest in the wife's lands as required that he be made a party in an action concerning it.  *McGlennery* v. *Miller,* 90 N. C. 215.  And a sale of the realty of a married woman under an order of the orphan's court made in a proceeding in which the husband was not a party, was held subject to the husband's curtesy.  *Jacques* v. *Ennis,* 25 N. J. Eq. 402.

It is clear that at the common law the husband had no vested estate in the wife's land until there was issue born of the marriage; that is, no interest or estate in the wife's lands vested in the husband by virtue of the marriage alone. See *Jackson* v. *Jackson,* 144 Ill. 274, 33 N. E. 51, 36 Am. St. 427.

In many of the states—a majority, perhaps—the surviving husband's estate in the real estate of a deceased wife is an estate by the curtesy as at the common law.  But in some of the states the tenancy differs in essential respects from the like tenancy at common law; as, for instance, where the estate is not dependent on the birth of an heir, or where the husband has no estate whatever until the death of the wife.  Prior to 1853 the common law estate by the curtesy was recognized in this State by statute.  The statute of 1843 provided that: "When any man and his wife shall be seized, in her right, of any estate of inheritance in lands, and shall have issue, born alive, which might inherit the same, the husband shall, on the death of his wife, hold the lands for his life, as tenant thereof by the curtesy." R. S. 1843, p. 440.  And it was held that the married woman's act of 1847 (Acts 1847, p. 45), which effectually made the estate of the wife her separate property, free from any claims of creditors or legal representatives of her husband, as fully as if she had never been married, did not abolish the husband's estate by curtesy after her death,

*Luntz* v. *Greve,* 102 Ind. 173.   See *Cushing* v. *Blake,* 30 N. J. Eq. 689.

Tenancies by the curtesy and in dower are expressly abolished by statute.   §2639 Burns 1901.   But even if the surviving husband's estate by the curtesy, as known to the common law or by any former statute, was still recognized in this State, the averments of the complaint are insufficient to show that appellant had such an estate.

At common law in this State prior to 1853 the husband acquired all the personal property of the wife by marriage.   Her personal estate and the use of her real estate came into his possession and under his control.   But since 1853 her real estate and its income and her personal estate are her separate property.   *Noble* v. *Noble,* 19 Ind. 431; *O'Hara* v. *Stone,* 48 Ind. 417.

Sections 6961, 6962 Burns 1901, provide that the lands of a married woman shall not be liable for the husband's debts; that such lands and the profits therefrom shall be her separate property as fully as if she were unmarried; that she may take, acquire, and hold real and personal property by conveyance, gift, devise or descent, or by purchase with her separate means, and that such property with all the rents, issues, income, and profits thereof shall be her separate property and under her own control the same as if she were unmarried; and that she may in her own name, as if unmarried, at any time during coverture, sell, barter, exchange, and convey her personal property, but that she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor convey nor mortgage the same unless her husband join in such contract, conveyance, or mortgage.   By these provisions all right to the possession or control of the wife's separate estate is taken away from the husband.   "He has no present right of enjoyment," said the court in *Traders Ins. Co.* v. *Newman,* 120 Ind. 554, "and no interest in the rents and profits of his wife's real estate.   He has a mere right in expec-

tancy, the same as the heir has in his ancestor's property."
See, also, *Burk* v. *Platt,* 88 Ind. 283. The statutes of this
State provide expressly the interest a husband or wife has
or takes in the lands of the other. In lieu of curtsey and
dower, they give an interest in fee.

A widow may take an interest in her husband's lands
either as heir or by virtue of her marital rights. If the
husband died seized of the land, the widow takes her in-
terest as his heir. §§2640, 2643, 2650, 2651 Burns 1901;
*Brown* v. *Harmon,* 73 Ind. 412, and cases there cited. If
the husband was seized in fee during the marriage, and
died disseized and she did not join in the conveyance, as
widow she takes by virtue of her marital rights. §2652
Burns 1901; *McKinney* v. *Smith,* 106 Ind. 404; *Hendrix*
v. *McBeth,* 87 Ind. 287. Under the above provisions she
takes her interest at the husband's death only. The wife
may also acquire an interest in her husband's lands sold
at judicial sale which interest may become absolute and
vest in her during the husband's lifetime. §2669 Burns
1901.

But the statutory provisions relating to the husband's
interest in the wife's lands have to do only with the sur-
viving husband, and have reference to a surviving hus-
band's interest in lands of which the wife died seized.
There is no statutory provision by which he takes an in-
terest in his wife's lands by virtue of his marital rights.
And there is no provision vesting in him during the wife's
lifetime an interest in her lands sold at judicial sale. The
statute gives him an interest only in the lands of which
she died seized, and, where there is no will, whatever in-
terest he takes in her land by virtue of any statute he takes
as heir. §§2642, 2650, 2651, 2671 Burns 1901; *Rowley* v.
*Sanns,* 141 Ind. 179.

It is true there seems to be a recognition of an interest
in the husband in the wife's lands during her lifetime.
Following the common law it is and has always been the

law of this State that a married woman could only convey her property by deed in which her husband joined. *Scott* v. *Purcell,* 7 Blackf. 66, 39 Am. Dec. 453; *Luntz* v. *Greve,* 102 Ind. 173, 183. This requirement would exist immediately upon the marriage, but, as already stated, the husband, at common law, took no estate in the lands of the wife by virtue of the marriage alone. So that the joining of the husband with the wife in a deed to her lands must have been for some reason other than that he had some interest. It is also true that the wife can not defeat the husband's interest by a testamentary disposition of her lands, as he takes one-third of the lands of which she died seized whether she died testate or intestate. But this is a recognition of an interest in him only at her death, and not of any interest during her lifetime.

Counsel for appellant cite the cases of *Roach* v. *White,* 94 Ind. 510, and *Huffman* v. *Copeland,* 139 Ind. 221, as recognizing an inchoate interest in the husband in the lifetime of the wife. The only point decided in *Roach* v. *White, supra,* is that the wife can not, by will, deprive the surviving husband of his one-third interest in her lands, and that the right of the surviving husband to such interest in the real estate of which his wife died seized is absolute, except where he has waived his right, or is restrained by some estoppel which he has imposed upon himself. In *Huffman* v. *Copeland, supra,* judgment creditors of a surviving husband unsuccessfully sought to subject to execution and sale the one-third in value of certain lands of which the wife died seized, where the wife had made a will leaving all her property to her children except $100 to the husband, pursuant to a written contract between the wife and husband, and the husband elected to take under the will as provided by statute.

It is true in the above cases that the interest of the husband in the wife's lands is said to be an inchoate interest, and in *Huffman* v. *Copeland, supra,* it is stated that the

Turner *v.* Heinberg.

husband's interest in the lifetime of the wife is precisely, of the same character as the wife's inchoate interest in his real estate. But the husband's interest is characterized as too intangible to be in any way affected by creditors, and in neither case was it necessary to decide, nor was it decided, what estate the husband had during the lifetime of the wife. But the difficulty would not be solved by admitting that the husband's interest in the lifetime of the wife is the same as the wife's interest in the lifetime of the husband, for the reason that it must be conceded that in this State the time at which and the manner in which the wife's intangible interest becomes a vested estate is fixed absolutely by statute. Without these statutes, dower having been abolished, this intangible interest could never become a vested estate. *Strong* v. *Clem,* 12 Ind. 37, 74 Am. Dec. 200; *Taylor* v. *Sample,* 51 Ind. 423; *Carr* v. *Brady,* 64 Ind. 28. It must be conceded also that this inchoate or intangible interest in the husband or in the wife during the lifetime of the other is not such a vested estate as to be protected by the Constitution against legislative change or entire abolition. *Noel* v. *Ewing,* 9 Ind. 37; *May* v. *Fletcher,* 40 Ind. 575.

So that whatever rank or value this inchoate or contingent interest in the husband or in the wife may have during the lifetime of the wife or the husband, it can not become such an estate as the law recognizes, unless there is some statute that makes it so. There is no statute vesting in the surviving husband any interest in land of which the wife may have been seized during coverture, but of which she was disseized at her death, and in the conveyance of which he did not join. And there is no statute vesting an interest in the wife's lands in the husband where her lands are sold at judicial sale. As already stated, the husband has no such an estate by virtue of the marriage alone, and there is no statute giving the husband an estate in the wife's lands unless she died seized. It is not a question of

statutory construction. The statutory provisions are plain, and we can not read into them something that the legislature did not express, and may never have intended.

Judgment affirmed.